**812**

George W. COTTON et ux. d/b/a Cotton
Insurance Agency, Appellant,

v.

E. Price LITTLEJOHN, Appellee.

No. 7761.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 29, 1966.

Rehearing Denied Dec. 20, 1966.

James R. Paxton, Palestine, James R.
Cornelius, Jr., Lufkin, for appellants.

C. L. Ray, Jr., Ray & Kirkpatrick, Mar-
shall, for appellee.

CHADICK, Chief Justice.

This is a venue case. The judgment
of the trial court overruling a plea of
privilege is reversed and the proceeding
remanded for fuller development.

E. Price Littlejohn, plaintiff, sued George
W. Cotton and wife, Joann S. Cotton,
defendants, in the district court of Harri-
son County. The suit alleges actionable
fraud as a basis of recovery. The Cottons,
residents of Anderson County, filed a plea
of privilege for the purpose of removing

the lawsuit to the county of their residence for trial on the merits.

■ Littlejohn controverted the Cottons' plea of privilege and contested removal on the grounds that Vernon's Ann.Tex. Rev.Civ.Stat. art. 1995 § 7 (1964) authorized trial of the suit in Harrison County as an exception to the general rule of venue. To bring the suit within the terms of the exception mentioned it was necessary for Littlejohn to establish three venue facts by a preponderance of the evidence. These venue facts are: (1) that the fraud did in fact occur; (2) that the fraud was committed by the defendants or by one for whose acts they were legally responsible; and (3) that such fraud occurred in Harrison County. 1 McDonald's Civ. Practice § 4.13., and authorities there cited.

This appeal is concerned only with the first of the venue facts listed above, and laudably appellee's brief further curtails the issue to whether or not there is evidence that George W. Cotton falsely represented that he was the United States Manager for the First London Assurance Company. The Littlejohn brief isolates the issue by setting out the testimony relied upon to prove the falsity of the representation. The testimony thus pointed to is as follows:

"Q. * * * what did he say to you that induced you to put your business with him that you later have become to believe was a false statement on his part?

A. Well, he said first of all, that he was the authority in the United States.

Q. Do you now believe that he was not?

A. I know that he wasn't now."

The quoted questions calls for the witness's belief, that is, the witness's opinion; and

the witness's reply, particularly to the second question, appears to be responsive to the question propounded. On its face the witness's answer is clearly the expression of an opinion, and that it was so intended is demonstrated and confirmed by a subsequent question and answer in the course of cross-examination of the same witness, Littlejohn, as follows:

"Q. You think he didn't possess it, but you don't know whether he possessed it or not, do you? [referring to Cotton's authorization to represent First London Assurance Company in the United States.]

A. I'll be truthful with you, I don't even know whether there is a First London or not after my dealings with him."

■ Neither the testimony relied upon by appellee Littlejohn nor other testimony to be found in the short statement of facts supports the trial court's implied finding that George W. Cotton falsely represented to Littlejohn that Cotton's insurance firm was agent in the United States for First London Assurance Company. Opinion evidence was inadmissible upon this question. Lipscomb v. Houston & T. C. Ry. Co., 95 Tex. 5, 64 S.W. 923, 55 L.R.A. 869 (1901); Edinburgh American Land Mortg. Co. v. Briggs, 41 S.W. 1036 (Tex.Civ. App. Austin 1897, writ ref.); 2 Tex.Jur.2d Agency § 258 (1959); 3 Am.Jur. Agency § 356 (1962). Such evidence has no probative value. 1 McCormick and Ray, Texas Law of Evidence § 31.

■ The case was not fully developed in the trial court. Under such circumstances it is the duty of this court to reverse and remand. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948). Accordingly, the case is reversed and remanded to the trial court.