**NORTH TEXAS LUMBER COMPANY, Appellant,**

v.

**Henry N. KASPAR, Appellee.**

**No. 16902.**

Court of Civil Appeals of Texas.

Dallas.

April 14, 1967.

Rehearing Denied May 19, 1967.

Arthur M. Albin, of Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellant.

Carl Abramson of, Herndon, Abramson & Shwiff, Dallas, for appellee.

BATEMAN, Justice.

The appellant North Texas Lumber Company sued Charles L. Sherwood, Jr. and Henry N. Kaspar for debt, alleging that the defendants were partners or joint venturers trading as Postscript Homes or, alternatively, that they were estopped to deny that they were liable as partners or joint

venturers. Appellant also sued for an attorney's fee pursuant to Vernon's Ann.Civ.St., Art. 2226. The jury returned a verdict in response to special issues, as follows: (1) they did not find from a preponderance of the evidence that Postscript Homes was a partnership consisting of Sherwood and Kaspar; but (2) Sherwood and Kaspar were engaged in a joint venture under the name of Postscript Homes; and (3) a reasonable fee for the plaintiff's attorney would be $500.

The court rendered judgment against Sherwood for the amount sued for, including an attorney's fee of $500. Sherwood did not appeal. The court sustained Kaspar's motion to disregard the answers of the jury to Special Issues Nos. 2 and 3 and rendered judgment *non obstante veredicto* that appellant take nothing from the appellee, Kaspar. Appellant appeals on four points of error.

By its first point, appellant says the court erred in disregarding the answer to Special Issue No. 2 because there was at least some evidence to support the finding of joint venture.

 Rule 301, Texas Rules of Civil Procedure, authorizes a judgment *non obstante veredicto* if a directed verdict would have been proper, and the disregarding of a jury finding that has no support in the evidence. In reviewing this action of the trial court, we must consider all the testimony in the record from the standpoint most favorable to appellant, indulging in its favor every reasonable intendment deducible from the evidence; and to sustain the court's action it must be determined that there is no evidence having probative force upon which the jury could have made the finding in question. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 199; Lynch v. Ricketts, Tex.Civ.App., 306 S.W.2d 410, 413, reformed and affirmed 158 Tex. 487, 314 S.W.2d 273; Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547.

Having searched the record carefully with these rules in mind, we have conclud-

ed that the trial court was correct in ruling that there was no evidence of probative value to support the finding. The appellant had had prior unsatisfactory credit experience with the defendant Sherwood, but did open an account in the name of Postscript Homes for him when he informed appellant that he and the appellee were "building some houses together" and would be partners in the house building business. Appellant's manager attempted to verify this information by calling appellee over telephone but did not talk to him. He was informed over telephone by a woman who said she was appellee's bookkeeper that Sherwood and appellee were partners in the business but that statements of the account should be mailed to Sherwood's residence. Based upon this and other hearsay information, appellant extended the credit requested.

The only agreement shown to have been entered into between Sherwood and Kaspar was the following written instrument dated March 1, 1963, put in evidence by appellant:

> "The following is an agreement between Charles L. Sherwood, Jr., dba Postscript Homes, and Henry N. Kaspar.

> "Mr. Kaspar agrees to provide interim financing on acceptable firm buyers loan commitments in return for a fee of $350.00 per house from Mr. Sherwood.

> "Mr. Sherwood further agrees to diligently pursue the construction and the closing of the properties described below." (This was followed by the signatures of Sherwood and Kaspar and a list of six street addresses.)

Three payments on the account were made by checks on Republic National Bank of Dallas signed by both appellee and Sherwood. It was also shown that appellee arranged for credit at the Republic National Bank under an agreement in writing on a printed form called a "Trade Name Declaration," requested by the bank, that checks would be signed by appellee and either

Sherwood or Nova Anne Sherwood. This "Trade Name Declaration" also contained the following paragraph:

"The signers hereto declare that no person or persons other than those whose names are affixed to this statement are interested in the designated business, and each and every one of the undersigned individuals personally guarantee the payment of all partnership obligations now due to the Bank or that hereafter may become due. The authorization to sign checks or other orders of withdrawals and/or notes or other evidence of indebtedness and/or collateral agreements is to continue in full force until the Republic National Bank of Dallas receives notice to the contrary or of the dissolution of the partnership or business in writing."

It was also shown that appellee and Sherwood jointly signed promissory notes payable to Republic National Bank and another Dallas bank.

■ Essential elements of a joint adventure are a community of interest in the undertaking, a right in all parties to the transaction to share in the profits and an obligation on the part of each of them to share the losses. A joint adventure is in the nature of a partnership but is usually limited to a particular transaction or enterprise, and whether the relationship exists generally depends upon the intention of the parties. Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704, 709, 59 A.L.R.2d 1011; Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716; W. H. Hodges & Co. v. Donley County State Bank, Tex.Sup.1966, 407 S.W.2d 221, 224.

We find nothing in this record to indicate that Sherwood and appellee ever intended any such relationship or that either of them should have the right to create a liability to third parties which would be binding on the other. The only agreement shown to exist between them was that expressed in the agreement dated March 1, 1963, quoted above, obligating appellee only to provide interim financing for a fixed fee, as supplemented by the collateral agreement that the funds thus arranged for by appellee could be withdrawn only by checks signed by him.

The facts of the latter agreement, and the manner in which the three checks payable to appellant and the notes to the banks were signed are all as consistent with the agreement of March 1, 1963 as with an agreement of partnership or joint adventure. Not only did appellee not have any "community of interest" with Sherwood in the ownership or building of the homes, but he was not shown to have had any right to participate in profits that might result from such enterprise, or any obligation to share in the losses thereof. So far as this record shows, his right to receive the fee of $350 per house for providing the interim financing was due him whether the enterprise was profitable or not. His subsequent losses resulting from performing his obligation to the Republic National Bank and in losing his agreed fees for providing the interim financing do not constitute any evidence of an agreement on his part to share in the losses resulting from the building of the houses by Sherwood.

■ Another element necessary to create a joint adventure is a mutual right of the contracting parties to control the enterprise. C. C. Roddy, Inc. v. Carlisle, Tex.Civ.App., 391 S.W.2d 765, wr. ref. n. r. e. Appellee was not shown to have the right to control in any degree the building of the houses or anything else connected with the enterprise except the right to insure, by joint signatures on the checks, that the funds he had arranged for as interim financing under his contract were actually disbursed properly.

■ Appellant claims partnership or joint adventure by estoppel, but there is no

evidence that appellee, or anyone authorized by him to do so, made any representations whatsoever to appellant or did anything to lead it to believe that appellee had assumed the obligations of a partner or joint venturer in the enterprise. It was not shown that the "Trade Name Declaration" or the signing of the notes payable to the banks were known to, or relied upon by, appellant in extending credit to Postscript Homes; and of course the three checks payable to appellant were made subsequent to the extending of the credit. Moreover, the statements made to appellant by Sherwood and others, to the effect that he and appellee were partners or joint venturers, were all hearsay as to appellee and therefore wholly incompetent to form the basis of a finding of partnership or joint adventure. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628, 631. Under those circumstances, appellee cannot be said to be estopped to deny any such relationship.

■ Therefore, it is our holding that there was no evidence to support the finding of the jury in response to Special Issue No. 2; and that the court properly sustained his motion to disregard that finding and render judgment for him notwithstanding the verdict. Appellant's first point is overruled.

Appellant's other three points of error on appeal are that the trial court erred: (2) in excluding from evidence the bottom portion of a "new account card" given by appellee and Sherwood to the Republic National Bank, (3) in holding that this card was hearsay and not a business record admissible under Art. 3737e, Vernon's Ann. Civ.St., and (4) in not considering this new account card as probative evidence supporting the jury's answer to Special Issue No. 2. The top half of the card in question shows "Postscript Homes" as the name of the account, followed by the signatures of appellee and Sherwood. The bottom half shows Sherwood's residence address as the "Business Address", and the word "Construction" under the heading of

"Type Business", the names of two officers of the bank under the heading of "Reference" followed by the words "New Joint Venture" under the heading of "Former Banking Connection." In the lower right corner of the card, under the heading "Teller" appear the initials "N.Y." When the card was offered in evidence by appellant, the trial court sustained appellee's objection to all of the information on the bottom half as hearsay. Appellant argues that all of the information on the card was admissible, including the words "New Joint Venture," under the provisions of Art. 3737e, V.A.C.S.

The pertinent parts of that statute are:

"Section 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

"(a) It was made in the regular course of business;

"(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

"(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter."

Section 2 of said statute provides that such record may be proved by the custodian of the records even though he may not have personal knowledge as to the various items or contents of the record.

■ We hold, as the trial court held, that the excluded portion of the card was inadmissible because there was no proof as to who wrote the information contained in it, nor whether that person had personal

knowledge of the information so written. Appellant offered the testimony of Conway Senter, Jr., a loan officer of the Republic National Bank, who testified that the account card was made in the regular course of the business of the bank for the purpose of setting up a checking account, that the filling in of the longhand writing on the card was made at or about the time the account was opened and would have been done by an employee of the bank, that it was customary for the teller or whoever filled out that part to place his or her initials at the bottom of the card, but that he had no knowledge or information as to who that person was nor whether that person had personal knowledge of the information contained in the memorandum. It was essential to establish that some employee or representative who either made the record or transmitted the information to another to record must have had personal knowledge of the act, event or condition. Skillern & Sons, Inc. v. Rosen, Tex.Sup.1962, 359 S.W.2d 298, 305.

Moreover, it is our opinion that, even if such personal knowledge on the part of the one writing the words "New Joint Venture" on the card had been established, that part of the card would have been inadmissible as being an opinion of some unknown witness on a question of law, or on a mixed question of law and fact, and not a fact useful to the court in determining the legal relationship of the parties. 2 McCormick & Ray, "Texas Law of Evidence," §§ 1406, 1423, 1425, 1426, pp. 249, 263, 265–268; Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651, 656; Smith v. Lynn, Tex.Civ.App., 152 S.W.2d 838, no wr. hist.; Smith v. Selz, Tex.Civ.App., 395 S.W.2d 692, wr. ref. n. r. e.

Appellant's second, third and fourth points of error are overruled.

The judgment appealed from is affirmed.

Affirmed.