**GULF REFINING COMPANY, Appellant,**

v.

**Harold SMITH, Appellee.**

**No. 8032.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 8, 1972.

**852**

———◆———

Fred A. Lange, Houston, for appellant.

Traylor Russell, Mt. Pleasant, for appellee.

RAY, Justice.

This is a venue case. Appellee (plaintiff) Harold Smith filed suit in the District Court of Franklin County, seeking money damages for the death of his cattle, loss of anticipated calf crop, and for money spent to hire extra labor. Appellee Smith contended that his damages resulted either from the negligence or trespass of Appellant (defendant), Gulf Refining Company, because Appellant let oil escape from its pipeline into a creek which crossed land leased by Appellee and on which land Appellee had his cattle. Appellee Smith contends that he lost 143 head of cattle as a result of the animals' drinking water from the stream polluted with oil.

Appellant filed its plea of privilege and it was duly controverted by Appellee. The District Court of Franklin County found that Franklin County was the proper place of venue, and refused to transfer the case to Harris County were Appellant has its principal office in Texas. Appellant Gulf Refining Company is a corporation, incorporated under the laws of Delaware with a permit to do business in Texas. Appellee Harold Smith lives in Titus County, but had a portion of his ranching operation in Franklin County, where the trespass is alleged to have occurred. Appellee contends that he is entitled to bring the suit in Franklin County under the provisions of Subdivision 9 (Crime or Trespass); Subdivision 9a (Negligence); and Subdivision 27 (Foreign Corporations) of Art. 1995, Vernon's Ann.Texas Revised Civil Statutes.

From the order overruling the plea of privilege, Appellant has appealed to this Court on three points of error.

Appellant's first point states that: "The Trial Court erred in overruling Appellant's plea of privilege for the reason that Appellee failed to plead and prove a cause of action for 'trespass' against Appellant under Subdivision 9 of Article 1995, V.A.T.S. in the venue hearing."

■ The evidence is insufficient to show that a trespass was committed by Appellant within the meaning of Subdivision 9 of Art. 1995, Texas Revised Civil Statutes. Since the amendment of Subdivision 9 by the Legislature in 1953, the Courts have held that the Plaintiff's burden of proof requires him to show by a preponderance of the evidence that a willful or intentional wrong was committed by the defendant. Scurlock Oil Company v. Joffrion, 390 S.W.2d 526 (Tex.Civ.App. Tyler 1965, no writ); First City National Bank of Houston v. Japhet, 390 S.W.2d 70 (Tex. Civ.App. Houston, 1965, writ dism'd). See 56 Tex.Jur.2d 16, Sec. 8, wherein it is stated:

> "Although trespass is an intentional harm, and where there is no intentional act, in the sense of an act voluntarily done, there is no trespass, . . . . ."

Foy Thomas (Appellant's employee) testified that a leak had developed in Gulf's pipeline through the process known as "electrolysis" which results from electrical currents passing between the ground and

the pipe causing corrosion and pitting of the pipeline and subsequent leaks. Appellee failed to present evidence of affirmative acts on the part of Appellant Gulf which would establish an intentional release of the oil into the creek near its pipeline. Accordingly, Appellant's Point of Error No. 1 is sustained.

The second point of error presented by Appellant is as follows:

"The trial court erred in overruling Appellant's plea of privilege for the reason that Appellee failed to plead and prove a cause of action for 'negligence' against Appellant under Subdivision 9a or Art. 1995, V.A.T.S., on the venue hearing."

A review of the facts and circumstances surrounding the escape of the oil in the instant case reveals that in the early part of 1968 Appellant owned the complete interest in the crude oil pipeline which had been originally constructed in 1944, using twenty-foot joints of 6⅝ inch O.D. pipe which had been threaded and coupled. This pipeline carried 245 barrels of crude oil per hour and was situated in and across Franklin County, and on the occasion in question the Appellant had the exclusive control and possession of the pipeline. Appellee testified that he had an unwritten lease covering certain lands through which Brushy Creek flowed. The waters from this creek constituted the stock water for the cattle pastured on the land by Appellee, Harold Smith.

A Mr. Elledge called Gulf on the morning of July 18, 1968, and stated there was a leak in the pipeline which crossed his land. Appellant's employee found the leak on the same day. The location of the leak was about 1¼ miles from the lands leased by Appellee. The record reflects that the pipeline was approximately ten feet from the bank of Stout Creek, and that Stout Creek flows into Brushy Creek. Brushy Creek flows through lands leased by Appellee Smith. Approximately 1,033 barrels of crude oil escaped from the pipeline into Stout and Brushy Creeks, and it took about two days for the cleanup operation to be completed through the burning of the oil in the creeks and the building of levees to keep the oil from going further downstream.

■ Appellant's method of inspecting the pipeline for leaks was by airplane that flew over the line each Monday and by checking the run charts at the pumping stations every day at 7:00 a. m. to detect any drop in pressure which would indicate a leak. The pressure gauges on the pumping units are checked when Appellant's employees are there at the units. No proof was offered by Appellant that this method of inspection was the customary standard used by the oil transportation industry, but neither did Appellee Smith offer any evidence relative to the inspection standards used by the industry nor the run charts showing possible leaks. The burden of proof was on Appellee Smith to show negligence on the part of Appellant in operating and maintaining its pipeline. We have reviewed the record in that regard and find that the evidence was not sufficiently developed to sustain a finding by the Trial Court that the oil escaped from the pipeline due to the negligence of Appellant.

This court has had occasion to review the principles controlling liability in the escape of crude oil in Scurlock Oil Company v. Roberts, 370 S.W.2d 755 (Tex.Civ.App. Texarkana 1963, no writ). The rule was stated to be as follows:

"The escape of crude petroleum from a pipeline will not lay the pipeline operator liable for damages proximately caused by the escaping oil unless the operator negligently causes or permits the oil to leak."

■ The Court has thoroughly reviewed the record in this case and has concluded that Appellee failed to develop evidence that Appellant Gulf was negligent in the operation of its oil pipeline. In order to defeat Appellant's plea of privilege to be

sued in the county of its residence, the burden is upon Appellee Smith to allege and prove that the case is within one of the exceptions to Article 1995, Texas Revised Civil Statutes. The plaintiff must establish by a preponderance of the evidence that he has a cause of action against the defendant as alleged. Admiral Motor Hotel of Texas, Inc. v. Community Inns of America, Inc., 389 S.W.2d 694 (Tex.Civ. App. Tyler 1965, no writ).

■ The fact that Appellant's pipeline ruptured and that oil escaped and caused Appellee to be damaged by the loss of his cattle is not proof of negligence. The only testimony offered by Appellee was his own, which was not related to nor proof of any negligence on the part of Appellant in its method of operating or maintaining its pipeline. Appellant's second Point of Error is sustained.

The third Point of Error urged by Appellant is stated as follows:

"The Trial Court erred in overruling Appellant's plea of privilege for the reason that Appellee failed to plead and prove a cause of action under Subdivision 27 of Article 1995, V.A.T.S., on the venue hearing."

Appellant's third Point of Error is sustained in view of our conclusion that Appellee failed to prove by a preponderance of the evidence that Appellant willfully, intentionally or voluntarily permitted crude oil to escape from its pipeline into Brushy Creek, causing the death of the cattle owned by Appellee. Appellee further failed to prove by a preponderance of the evidence any ground of negligence alleged in his second amended original petition, or any negligence that was a proximate cause of his damages.

Appellee also failed to show by a preponderance of the evidence that Appellant had an agency or representative in Franklin County, Texas, as such terms are construed in connection with Subdivision 27 of Art. 1995, Texas Revised Civil Statutes.

The case was not fully developed in the Trial Court, and under such circumstances it is the duty of this Court to reverse and remand. Rule 434, Texas Rules of Civil Procedure; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948); Cotton v. Littlejohn, 411 S.W.2d 812 (Tex.Civ.App. Texarkana 1966, no writ).

Reversed and remanded.