Cecil GUEST, Appellant,

v.

AMERICAN PETROFINA COMPANY
of Texas et al., Appellees.

No. 8111.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 26, 1972.

Rehearing Denied Oct. 17, 1972.

Jesse L. Nickerson, Pittsburg, for appellant.

Norman C. Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellees.

RAY, Justice.

This is a suit for damages. Appellant, Cecil Guest (plaintiff) sued Carl Rogers

and American Petrofina Company, appellees (defendants), to recover a money judgment for damages to the vegetation and sod of 100 acres of improved pasture. Appellee Carl Rogers is the Plant Supervisor of American Petrofina Company, and the company is engaged in refining and producing oil products. Surface waters flow from the premises of appellee's plant ultimately through Cypress Creek into Cypress Creek bottom where appellant's land is located.

In April of 1966, the general area experienced a period of heavy rainfall which caused Cypress Creek bottom to become flooded. Appellant alleged that when the flood waters receded "the vegetation, sod and roots" on his land were found to be damaged, and contended that the damage was due to an oily-like substance from appellee's plant that was deposited by the flood waters on the vegetation. Appellees contended that any damage done was due solely to water standing upon the premises of appellant.

The jury rendered a verdict in favor of appellees, and appellant Guest has appealed to this court, urging fourteen points of error.

Appellant groups his first, second, third, fourth, fifth, twelfth, thirteenth and fourteenth points of error because they all deal with Special Issue No. 26. That issue as submitted to the jury by the court is as follows:

"Do you find from a preponderance of the evidence that the damages, if any you have found, to the vegetation on plaintiff's land were caused by reason of being covered by water for a period of days?

"Answer 'Yes' or 'No.'

ANSWER: Yes."

■ The jury failed to find appellees guilty of any negligence which proximately resulted in damages to appellant. It is therefore our conclusion that Special Issue No. 26 and the jury's answer thereto became wholly immaterial and were properly disregarded by the trial court when it entered its judgment. Gulf Refining Company v. Smith, 476 S.W.2d 851 (Tex.Civ.App. Texarkana 1972, no writ). See Gillum v. Rogers, 430 S.W.2d 822 (Tex.Civ.App. Texarkana 1968, writ ref'd, n. r. e.) involving the same occurrence. Appellant's points of error 1 through 5 and 12 through 14 are overruled.

■ Appellant groups points of error 6 through 11 and complains of jury misconduct in arriving at its verdict. Appellant elicited considerable testimony about the notes that the foreman was using during the jury deliberations. The notes were taken during the trial and brought into the jury room by the foreman and used as a guide in answering the special issues submitted to the jury by the court. No point of error was raised by appellant concerning the unauthorized use of the notes, nor did appellant raise such issue in his motion for new trial. It was not conclusively shown that the use of the notes affected the verdict of the jury, but we quickly announce the admonition that the taking of notes into the jury room is to be frowned upon by the courts until such time as the Supreme Court prescribes a rule that all jurors may take notes during the trial and use them during their deliberations. As the testimony reflects in this case, only one person took notes, and it would be easy for such juror to influence the decision of other jurors if they thought his notes reflected a better recollection of the facts as they came from the witness stand than their personal memories.

■ We have reviewed the testimony and conclude that it does not substantiate appellant's contentions in his motion for new trial and his germaine points of error. There was no testimony that the conduct of the foreman or the conduct of any other juror caused the members of the jury to

reach a verdict different from what they would have otherwise reached. There was conflicting testimony that the foreman did not record the proper answers to some of the special issues. However, following the jury's return into open court and its announcement of having reached a verdict, the court did examine the answers to the several issues and read such issues by numbers, stating the answer thereto and then asked the jury if such constituted its verdict. All jurors so indicated such to be their verdict. With the happening of this event the verdict then became an official act and part of the proceedings and not thereafter subject to impeachment. De-Busk v. Cadenhead, 346 S.W.2d 145 (Tex. Civ.App. Amarillo 1961, writ ref'd, n. r. e.). We think it is, however, better practice to read the questions in full and the answers in full when the verdict is read by the court, in order that the jury may know whether the answers were properly recorded. Then when the court inquires of the jury if such is its verdict, the jurors will be in a position to properly answer the court without any chance for confusion.

■ Under Rule 327, Tex.Rules of Civil Procedure, the burden is upon the party complaining of jury misconduct to prove by a preponderance of the evidence that such misconduct occurred and that such misconduct resulted in injury to him. This court is bound by the fact findings of the trial court that the alleged jury misconduct did not occur where the issues of fact as to jury misconduct were raised by conflicting testimony of jurors. Moses v. Adams, 428 S.W.2d 131 (Tex.Civ.App. Beaumont 1968, writ ref'd, n. r. e.) ; Walls v. Rapid Transit Lines, Inc., 412 S.W.2d 768 (Tex.Civ.App. Houston First, 1967, writ ref'd, n. r. e.).

■ The trial court in the present case found as a fact that jury misconduct did not occur and we conclude that the testimony supports such finding. Appellant's remaining points of error are overruled.

The judgment of the trial court is affirmed.