**MAURICE PINCOFFS COMPANY,
Petitioner,**

v.

**SOUTHERN STEVEDORING COM-
PANY, INC., Respondent.**

No. B–3102.

Supreme Court of Texas.

Dec. 27, 1972.

Rehearing Denied Feb. 1, 1973.

Ross, Griggs & Harrison, William A. Harrison and Thomas A. Giles, Houston, for petitioner.

Vinson, Elkins, Sears & Smith, Robert M. Julian, Houston, for respondent.

REAVLEY, Justice.

Southern Stevedoring Company, Inc. unloaded steel products for Maurice Pincoffs Company from three ships at the Port of Houston in 1966. Maurice Pincoffs brought this suit against Southern Stevedoring for damages to the products caused in the unloading. A jury found against Southern Stevedoring but the trial court held that no evidence supported the damage findings and entered judgment n. o. v. that Maurice Pincoffs take nothing. The court of civil appeals affirmed. 472 S.W.2d 841. We affirm the judgments of the lower courts.

Maurice Pincoffs chartered three ships (Patmos, Grand Faith and Dimitrakis) to bring cargoes of steel (pipe, beams, wire, sheets, etc.) from Antwerp, Belgium to Houston. It hired Safar & Co. in Antwerp as general forwarding agent to get the steel to the ship and to complete the shipment. Safar employed Hessenetieneptunes as stevedore company to load the ships and Monzon & Co. to supervise the stowage. On the Houston end Southern Stevedoring unloaded the cargo from ship to dock.

After various lots of this steel were in warehouses of either Maurice Pincoffs or its customers to whom sales had been made, some complaints were received of damage— mainly bending of pipes or beams. A marine surveyor viewed the damage and allocated part of the responsibility to Southern Stevedoring. This suit resulted.

The problem with the proof offered by Maurice Pincoffs is the failure to show what damage was done to the goods by

Southern Stevedoring and to show the monetary value of that damage. These bent pipes and beams had been lifted and loaded on a number of occasions but only once by Southern Stevedoring.

■ All of the proof came from the Marine surveyor. To eliminate those damages done prior to the Houston unloading of the vessel, the surveyor first relied upon the papers prepared in Belgium. Those included an inspection and stowage report prepared by Monzon & Co. personnel, a "list of clauses" which lists specific damages to particular items and which is typed on Safar & Co. letterheads, and also the bill of lading upon the margin of which is typed items of damage. Under V.T.C.A., Bus. & C. § 1.202 the bill of lading is admissible, but the entries on the other records are not shown to have been made upon the basis of personal knowledge as is required by Art. 3737e, Vernon's Ann.Civ.St. Cooper Petroleum Co. v. La Gloria Oil & Gas Co., 436 S.W.2d 889 (Tex. 1969).

■ The marine surveyor concluded from the ship's log and observation of the cargo holds that the voyage had been smooth and that no further damage had resulted. He did not see the full unloading operation, but he did see some acts by employees of Southern Stevedoring which he calculated would cause damage. Clerks were on hand to check all items of the cargo as they were unloaded from the ship and to note any damage on their records. The President of Southern Stevedoring testified that those checkers placed those records in the hands of Maurice Pincoffs personnel, but the records were not produced at the trial.

The marine surveyor did not examine the damaged goods until after complaints were made and until after the goods had been loaded and unloaded on one or more occasions subsequent to the unloading from ship to dock by Southern Stevedoring. The surveyor never did view some of the damage to which he testified. As to a supply of aluminum sheets, he simply accepted the fact of their rejection by a purchaser as settling the matter and allocated to the damages sought by this suit the net loss to Maurice Pincoffs after resale of the goods. He conceded that Southern Stevedoring could not remove the long pieces through the small hatches of the ships without bending some of them, and so he reduced by one-half his charge on this basis: "approximately one-half of this damage figure would be the sort of damage I would ordinarily anticipate finding in the type of goods that were involved in the claim."

The effect of this testimony is summarized in this question and answer between the trial judge and the witness.

"The Court: But in this you have had to draw a whole lot of conclusions and had to rely on a lot of hearsay and what other people have told you?

"The Witness: Yes, Sir, and some of it I just bow my neck and make a decision to it."

This decision may have been a fair one and it may have been supported by experience, but it is too speculative to support a recovery by Maurice Pincoffs against Southern Stevedoring.

The judgments below are affirmed.

McGEE, J., notes his dissent.