**ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY et al., Appellants,**

v.

**LONE STAR STEEL COMPANY, Appellee.**

**No. 8090.**

Court of Civil Appeals of Texas, Texarkana.

July 17, 1973.

Rehearing Denied July 17, 1973.

---

John J. McKay, McKay & Avery, Austin, for appellants.

Robert E. Burns, Burford, Ryburn & Ford, Ralph Currie, Muse, Currie & Kohen, James P. Simpson, Dallas, Joe E. Gracey, Shannon Gracey, Ratliff & Miller, Ft. Worth, Tom M. Davis and Joseph D. Cheavens, Baker & Botts, Houston, W. James Rosser, Snyder, Sam A. Denny, Law, Snakard, Brown & Gambill, Ft. Worth, John B. Webster, Dallas, for appellee.

RAY, Justice.

This is a venue case. Lone Star Steel Company, plaintiff-appellee, instituted suit against thirteen railroad companies seeking to recover alleged overcharges on shipments of wrought iron and steel pipe from Lone Star's plant at Daingerfield between the dates of January 21, 1963, and April 24, 1970. Appellee Lone Star Steel also requested the District Court of Morris County to enter a declaratory judgment determining the proper rates which should now be charged by railroads for shipments of steel pipe intrastate in Texas. The trial court overruled the pleas of privilege which were filed by only eleven of the defendant railroads. Appellants filed their appeal and submit nine points of error for our review.

In order to prove a prima facie cause of action against appellants in an attempt to sustain venue in Morris County under Article 1995, Sections 4 and 23, it was necessary for Lone Star to offer proof that it had been overcharged for its various shipments of steel. That being one of the essential elements of proof, Lone Star introduced Exhibits 11 through 21. Each of these exhibits consisted of a cover sheet recapitulating the various records attached thereto and various instruments which purported to be records of shipments of steel. As to each shipment, Lone Star offered a copy of a memorandum of a bill of lading or the original bill of lading issued by the Texas & Northern Railway Company, or by the T. & N. Warehouse, a copy of the prepaid freight bill issued by Texas & Northern, and a copy of a check from Lone Star to Texas & Northern paying a number of freight bills, including the ones in question. The only person who purported to authenticate these records of Texas & Northern was C. L. Williamson, the traffic manager for Lone Star Steel Company. Mr. Williamson acknowledged that the freight bill (Plaintiff's exhibit No. 11) was made out by Texas & Northern, and he acknowledged that he had no connection with that railway company. Lone Star sought to prove these records under the Texas Business Records Act, Article 3737e, Vernon's Ann.Texas Revised Civil Statutes. We have concluded that the trial court erred in admitting into evidence Lone Star's exhibits 11 through 21 because these records were not authenticated in accordance with the requirements of Article 3737e. University Savings & Loan Ass'n v. Security Lumber Co., 423 S.W.2d 287 (Tex.Sup.1967); Day & Zimmermann, Inc. v. Strickland, 483 S.W.2d 541, 545 (Tex. Civ.App.Texarkana, 1972) writ ref'd, n. r. e.; North Texas Lumber Co. v. Kaspar, 415 S.W.2d 470, 474 (Tex.Civ.App.Dallas, 1967) writ ref'd, n. r. e. The freight bills and bills of lading purportedly issued by Texas & Northern, even though in the possession of Lone Star, could not be authen-

ticated by Mr. Williamson, an employee of Lone Star. Mr. Williamson was obviously not the person who made the entries, nor was he otherwise qualified to authenticate the freight bills and bills of lading. These records remain hearsay until they can be properly authenticated pursuant to the requirements of Article 3737e, Sections 1 and 2. In view of appellee's failure to properly authenticate the records upon which it relied to show that it had purportedly been overcharged freight rates in intrastate commerce, it has failed to prove one of the essential elements necessary to sustain venue in Morris County. Since the freight bills and bills of lading were not admissible to show the purported overcharges of freight rates, the judgment of the trial court must be reversed and the case remanded for further development. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948); Gulf Refining Co. v. Smith, 476 S.W.2d 851, 854 (Tex.Civ.App.Texarkana, 1972) no writ.

Appellants' points of error numbered 1 through 8 are not reached. Appellants' 9th point of error is granted and the judgment of the trial court is reversed and the case remanded.

## MOTION ON REHEARING

Appellee, Lone Star Steel Company, contends that the original bills of lading it sought to introduce as its exhibits to prove the alleged overcharges for rail transportation were admissible under the provisions of the Texas Business and Commerce Code, Sec. 1.202, V.T.C.A., and the interpretation of that section in Maurice Pincoffs Co. v. Southern Stevedoring Co., Inc., 489 S.W. 2d 277 (Tex.Sup.1972). Sec. 1.202, supra, applies to bills of lading issued by third parties. In the Pincoffs case, supra, the bill of lading was admissible because it was prepared by a third party, and therefore Pincoffs is not applicable to the present

case since the bill of lading here was between the parties and did not involve a third party. Appellee's motion for rehearing is respectfully overruled.