BRASWELL MOTOR FREIGHT
LINES, INC., Appellant,

v.

Sid TETENS, Individually and d/b/a L. C. Hobbs Construction Company, et al., Appellees.

No. 12414.

Court of Civil Appeals of Texas, Austin.

June 9, 1976.

D. James Smith, Dallas, for appellant.

Malcolm Robinson, Hooper & Robinson, Austin, and Benjamin N. Hamilton, Sheehy, Lovelace & Mayfield, Waco, for appellees.

O'QUINN, Justice.

Braswell Motor Freight Lines, Inc., a common carrier, brought this suit in March of 1974 against several defendants to recover $3,300 in freight charges plus attorney's fees. From judgment of district court that Braswell take nothing, appeal has been perfected to this Court.

Appellant has failed to include in its brief any point of error upon which it relies on appeal. Rule 418, Texas Rules of Civil Procedure, plainly provides that the brief for appellant should contain "A statement of the points upon which the appeal is predicated, separately numbered in short form and without argument, and germane to one or more assignments of error when assignments are required."

A point of error is an indispensible part of a brief on appeal. *Johnson-Sampson Construction Co. v. W & W Waterproofing Company*, 274 S.W.2d 926, 929–930 (Tex.Civ.App. Amarillo 1953, writ ref. n. r. e.). When appellant's brief does not embrace any points of error, and no fundamental error appears in the record, the brief presents nothing for the appellate court to review, and the appeal is not entitled to consideration. *Cox v. Messer*, 469 S.W.2d 611, 613 (Tex.Civ.App. Tyler 1971, no writ); *Slayton v. White*, 487 S.W.2d 204, 205 (Tex. Civ.App. Tyler 1972, writ ref. n. r. e.).

We have examined the record and find no fundamental error. Upon close examination of appellant's brief, we find a statement which by liberal construction may be termed suggestion of a single point of error. The statement reads: "Braswell now appeals, *contending the court erred in excluding relevant evidence* and in granting motion to dismiss at the close of Braswell's case." (Emphasis added)

It is true, as stated by appellant, that at the close of Braswell's evidence, the trial court made a final ruling, which was not to dismiss the cause, but to enter judgment that Braswell take nothing by its suit.

From a careful review of the briefs and the statement of facts, it appears that Braswell's claim of error is leveled at refus-

al of the trial court to permit Braswell to introduce into evidence a freight bill without compliance with requisites of Article 3737e, V.A.C.S., pertaining to business records. Braswell failed to lay a proper predicate for introduction of the freight bill. As offered at the trial, the bill was mere hearsay and therefore inadmissible.

■ Contrary to Braswell's contention that the trial court refused to admit into evidence the bill of lading pertaining to the cargo shipped through Braswell, we find that Braswell never at any time offered the bill of lading or attempted to lay a predicate for its admission. Without the bill of lading, appellant failed to establish a *prima facie* case. The bill of lading would have been admissible under Tex.Bus. & Comm. Code Ann. sec. 1.202, but the freight bill, as an entry on the other records, was not shown to have been made upon the basis of personal knowledge as required by Art. 3737e, V.A.C.S. *Maurice Pincoff's Company v. Southern Stevedoring Company,* 489 S.W.2d 277, 278 (Tex.Sup. 1972, affirming Tex.Civ.App. 472 S.W.2d 841).

■ It is settled that a bill of lading is the best evidence of its contents and of the contract of shipment, and in a suit on a bill of lading, as in this case, plaintiff must introduce the bill into evidence or account for its nonproduction. This Braswell failed to perform in any respect. See 9 Tex. Jur.2d *Bills of Lading,* sec. 54 et seq., p. 446 et seq. (1969).

Appellees have moved to dismiss this appeal. We find no fundamental error and no ground for reversal of the trial court's judgment, and since appellant failed to bring any point of error, we deem it proper to affirm the judgment of the trial court. Judgment of the trial court that appellant take nothing by its suit is in all things affirmed.

Affirmed.