**Larry Wayne LUCAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–084–CR.**

Court of Appeals of Texas,
Waco.

Dec. 8, 1983.

Discretionary Review Granted
June 13, 1984.

Terrance Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, Doug Durham, Asst. Dist. Attys., Houston, for appellee.

HALL, Justice.

Pleading not guilty, appellant Larry Wayne Lucas was convicted by a jury for the offense of felony theft. The court assessed punishment of confinement in the state penitentiary for 15 years.

In three grounds of error appellant asserts that the evidence is insufficient to support the verdict in that no competent proof established the value of the stolen property; and that the trial court reversibly erred in denying appellant's challenge for cause to a juror and denying appellant an additional peremptory challenge. We

sustain appellant's first ground of error and overrule grounds two and three.

■ Appellant and a companion took a wooden box containing grinding disks from the Port of Houston. The State attempted to establish the value of the stolen disks by the testimony of Lita Williams, an employee of Maersk Line Agency, and by documents in her custody. However, the State failed to comply with the requirements of Vernon's Tex.Civ.St. art. 3737e. Williams testified that the stolen property was shipped from Italy by a Maersk Line Agency steamship. She testified that two documents in her custody, a delivery order and a customs form, were made by a person with personal knowledge of the cargo's contents. The customs form listed the value of the stolen box of disks as $463.00. Appellant's attorney objected to introduction of the documents and questioned Williams outside the presence of the jury. Williams then testified that the documents were prepared by Kay G. Benson, an employee of B & D Customhouse Brokers of Houston. She testified that the brokers who prepared the documents never saw the cargo and had relied on an original bill of lading prepared by the shipper in Italy for the information contained in the documents. No evidence established that the shipper had personal knowledge of the value of the stolen disks. Appellant's attorney objected to admission of Williams' testimony and the documents as hearsay on the ground that the State had not complied with art. 3737e. The court overruled that objection. Clearly the State failed to establish either that someone with personal knowledge made the record or that someone with personal knowledge transmitted the information to be included in the record.

■ The State also contends that the documents showing the value of the stolen disks comprised a bill of lading and were admissible under the provisions of V.T. C.A., Business and Commerce Code § 1.202, and the interpretation of that section in *Maurice Pincoffs Company v. Southern Stevedoring Co., Inc.,* 489

S.W.2d 277, 278 (Tex.1972). § 1.202 provides as follows:

"A document in due form purporting to be a bill of lading, policy or certificate of insurance, official weigher's or inspector's certificate, consular invoice, or any other documents authorized or required by the contract to be issued by a third party shall be prima facie evidence of its own authenticity and genuineness and of the facts stated in the document by the third party."

The court in *Maurice Pincoffs Company* said that under this statute, a bill of lading is admissible, although art. 3737e requires that other types of records may be admitted only after showing they were based upon personal knowledge.

However, § 1.202 does not apply to our facts. Comment 2 of this section states:

"This section is concerned only with documents which have been given a preferred status by the parties themselves who have required their procurement in the agreement and for this reason the applicability of the section is limited to actions arising out of the contract which authorized or required the document . . . ."

All cases we have found construing § 1.202 have arisen from contracts and have involved civil suits for such causes as overcharges for transportation and damages to goods in shipment. The criminal charge against appellant did not arise from any contract, and the parties before us were not parties to a contract giving rise to the bill of lading. Therefore, even if the documents introduced to show the value of the disks did constitute a bill of lading, they were not admissible under § 1.202.

The State's failure to prove the value of the stolen property requires that we reverse the judgment and reform it to reflect an acquittal. *Young v. State,* 622 S.W.2d 99, 101 (Tex.Cr.App.1981).

The contentions advanced in appellant's second and third grounds of error were not preserved at the trial for appellate review. They are overruled.

The judgment is reversed and is here reformed to reflect that appellant is adjudged acquitted of the theft charge in question.