CALVIN JACKSON ET AL V. REUBEN A. HALL,
CHIEF JUSTICE ET AL.

No. A-1701. Decided November 3, 1948.
Rehearing overruled November 24, 1948.
(214 S. W., 2d Series, 458.)

*Norman, Stone & Norman,* of Jacksonville, and *Rusk, Shook & Shook,* of Dallas, for relators.

*Strasburger, Price, Holland, Kelton & Miller* and *Royal H. Brin, Jr.,* all of Dallas for respondents.

MR. JUSTICE FOLLEY delivered the opinion of the Court.

This is a petition for writ of mandamus to compel the justices of the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas, at Texarkana, to certify certain questions of law to this court.

The cause had its origin in the District Court of Cherokee County wherein the relators instituted two suits against the East Texas Motor Freight Line for damages arising out of a collision. The relators alleged that they resided in Cherokee County and that the East Texas Motor Freight Line was a corporation with an agent in that county. The defendant corporation filed its plea of privilege in both cases to be sued in Dallas County, the place of its corporate residence. It did not specifically denied the averment of relators' petition that it was a corporation. The relators sought to retain venue in Cherokee County under that portion of Subdivision 23, article 1995, Vernon's Ann. Civ. St. which provides that suits against a private corporation may be brought "in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county."

■ The two pleas of privilege were tried together, and will be so considered here. All the evidence introduced related solely to whether the corporation had an agent or representative in Cherokee County. The relators failed to show that they resided in Cherokee County or that a cause of action or a part thereof arose in Cherokee or any other county. Both pleas were overruled by the trial court, and an appeal was prosecuted to the Court of Civil Appeals at Texarkana. The latter court correctly held that under the 1943 amendment to Subdivision 23 proof only that the corporation had an agent or representative in Cherokee County was insufficient to retain the venue in that county. The judgment of the trial court was reversed, and, instead of remanding the cause for a new trial on the venue question, the cause was ordered transferred to one of the district courts of Dallas County.

The relators make no complaint of the reversal of the trial court judgment but contend that the Court of Civil Appeals

erred in refusing to remand the cause for a new trial on the venue question rather than ordering it transferred to Dallas County. They ask that numerous questions be certified to this court inquiring if the refusal of the Court of Civil Appeals to remand the venue issue for a new trial is in conflict with the holdings in a host of other decisions, and if, as a result thereof, the Texarkana court erred in refusing to concur with those decisions.

Some of the cases relied upon for the conflict are as follows: Hayes v. Penney, 215 S. W. 571; Hughes v. Gunter, 136 S. W. (2d) 253; United Gas Corporation v. Shepherd Laundries Co., Inc., 144 Texas 164, 189 S. W. (2d) 185; Wallace v. Burson, 132 Texas 15, 120 S. W. (2d) 443; Williams v. Safety Casualty Co., 129 Texas 184, 102 S. W. (2d) 178; Jones Fine Bread Co. v. Smith, 136 S. W. (2d) 234; Lanford v. Smith, Chief Justice, 128 Texas 373, 99 S. W. (2d) 593; Gibson v. Hicks, 47 S. W. (2d) 691; American Surety Co. of New York v. Shaw (Tex. Com. App.) 69 S. W. (2d) 47; Patterson v. Dunigan Tool & Supply Co., 143 S. W. (2d) 802; Underwriters Life Ins. Co. v. Bornemann, 141 S. W. (2d) 1005; Cassidy Southwestern Commission Co. v. Chupick Bros., 225 S. W. 215; Walker v. Martin, 129 S. W. (2d) 1149; Ross Bros. Horse & Mule Co. et al v. First Nat. Bank of Coolidge, 158 S. W. (2d) 819.

■ From these and other authorities it seems to be well settled that where a case has not been fully developed, and where it has been tried on the wrong theory, the judgment of the appellate court should be one of remand and not one of rendition.

In Lanford v. Smith, Chief Justice, supra, on motion for an original mandamus in this court, it was said:

"It is the general rule in civil cases that, when the Court of Civil Appeals reverses the judgments of the trial court for lack of evidence in support thereof, it will not render judgment unless it appears that the case in that respect has been fully developed. In such cases, when it does not appear that the facts have been fully developed, the judgment of the appellate court should be one of remand and not one of rendition. This rule is too well established to require the citation of authorities. It is now also the settled law of this state that appeals regarding interlocutory orders sustaining or overruling pleas of privilege are governed by the same rules that govern appeals in civil cases generally. If the Court of Civil Appeals determines that the judgment of the trial court is unsupported by the evidence, or

that the evidence in support thereof is insufficient, its judgment should be one of remand and not one of rendition, unless it appears that the facts were fully developed at the trial appealed from."

It is apparent that this case was not fully developed and was tried upon the wrong theory not only by the attorneys for relators but by the trial judge, otherwise the trial court would have transferred the cause to Dallas County, since the proof was wholly insufficient to retain the venue in Cherokee County. Thus the Court of Civil Appeals erred in ordering the cause transferred to Dallas County. Aetna Life Ins. Co. v. Gallagher, Chief Justice, 127 Texas 553, 94 S. W. (2d) 410.

◼ It follows that the application is granted as prayed for and the writ of mandamus will issue unless the Court of Civil Appeals amends its judgment so as to remand the cause for a new trial in the District Court of Cherokee County. Rule 475, Vernon's Texas Rules of Civil Procedure.

Opinion delivered November 3, 1948.

Rehearing overruled November 24, 1948.