**Joe Jules MILSTEAD, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE AS-SOCIATION, Appellee.**

No. 6159.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 24, 1957.

Rehearing Denied Dec. 18, 1957.

Stephenson & Stephenson, Orange, for appellant.

Marcus, Weller & Evans, Beaumont, for appellee.

ANDERSON, Justice.

The appeal is from an order of the district court of Jefferson County, 60th Judicial District, sustaining the defendant's plea of privilege and ordering the case transferred to Dallas County, wherein the defendant's home office is situated. Trial was to the court.

The suit is for cancellation of a compromise settlement agreement appellant

and appellee entered into on January 24, 1955, in reference to a claim appellant had against appellee under the Workmen's Compensation Act, Art. 8306 et seq., Vernon's Annotated Civil Statutes. Appellee is charged by appellant with having procured the agreement through fraud.

Subdivisions 7 and 23 of Article 1995, V.A.C.S., are relied on by appellant to support venue in the county of suit. In pertinent part, they read as follows:

"7. Fraud and defalcation.—In all cases of fraud, * * * suit may be brought in the county where the fraud was committed * * *"

"23. Corporations and Associations.— Suits against a private corporation, association, or joint stock company may be brought * * * in the county in which the cause of action or part thereof arose * * * or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county * * *"

If fraud was committed by appellee, it was committed in Jefferson County. By the same token, if appellant has a cause of action, the cause of action arose in Jefferson County. Furthermore, appellee is "a body corporate," having been so constituted by the legislative enactment that created it, Acts of 1913, ch. 179, Part III, Acts of 1917, p. 269 (Art. 8308, V.A.C.S.); it has, and at pertinent times had, an agency and a representative in Jefferson County; and appellant resided in Jefferson County at the time his cause of action, if any, arose.

Appellee contends that, although "a body corporate," it is not a private corporation, and that for this reason subdivision 23 of Article 1995, supra, is in any event inapplicable, since in pertinent part the subdivision mentions only suits against private corporations, associations, or joint stock companies.

It must be conceded that appellee is not a *private* corporation. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556, 562. It must also be conceded that, because appellee is not a *private* corporation, subdivision 23 of Article 1995 is normally not applicable to suits in which appellee is the defendant. Texas Employers' Ins. Ass'n v. Collier, Tex.Civ.App., 77 S. W.2d 878. Appellant contends, however, that, in view of Rules 52 and 93, Texas Rules of Civil Procedure, the subdivision should nevertheless be given application in this instance because appellee did not specifically deny by a sworn pleading that it, the appellee, is a *private* corporation.

Appellee contented itself with specially pleading in its plea of privilege that it is "a Texas Corporation * * *, having been created by a body corporate by the Legislature of the State of Texas, as set forth in Acts of 1917, page 269, and also in Article 8308, Revised Civil Statutes of Texas, 1925." It did not in its pleadings expressly deny that its is a *private* corporation, even though appellant, in his controverting plea, alleged it to be such.

█ We find it unnecessary to pass upon the procedural question thus presented. Obviously, the judgment was based on the theory that appellant had failed to establish by a preponderance of the evidence a case of actionable fraud. If this were not so, and if the trial court had been satisfied that appellant had proved by a preponderance of the evidence a case of actionable fraud, subdivision 7 of Article 1995 would have required that defendant's plea of privilege be overruled. Subdivision 23 of the statute is not satisfied by any less proof of an asserted cause of action than is subdivision 7. See, for comparative purposes, Trinity Universal Ins. Co. v. Soliz, Tex.Civ.App., 241 S.W.2d 625; East Texas Motor Freight Line v. Jackson, Tex.Civ.App., 216 S.W.2d 686; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Lloyds Casualty Insurer v. McCrary, 149 Tex. 172,

229 S.W.2d 605, 606; Compton v. Elliott, Tex.Com.App., 126 Tex. 232, 88 S.W.2d 91; Texas Employers' Ins. Ass'n v. Mc-Daniel, Tex.Civ.App., 286 S.W.2d 465, 468. In the circumstances of the particular case, therefore, the procedural question under consideration is of no moment.

 We furthermore find it unnecessary to discuss appellant's pleadings and the evidence touching appellee's alleged fraudulent acts, or to pass upon appellant's remaining points of error. In order to show himself entitled to have the compromise settlement agreement cancelled, it was necessary that appellant plead and prove facts showing that he had suffered injury as a result of the alleged fraud. Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, 51 A.L.R. 1; 7 Tex.Jur., Cancellation of Instruments, sec. 26, p. 924. In other words, it was necessary that he plead and prove facts showing that he had a meritorious claim for an amount of compensation insurance in excess of the $110 paid him pursuant to the compromise settlement agreement. Texas Employers' Ins. Ass'n v. Kennedy, 135 Tex. 486, 143 S.W.2d 583. This, he failed to do. He neither pled nor proved his average weekly wage. In the absence of such pleading and proof, the trial court was in no position to determine what amount of insurance, if any, appellant might be entitled to recover because of his injuries. The court could not have done otherwise, therefore, than sustain the defendant's plea of privilege. Such being the case, any errors the trial court may have committed in reference to unrelated matters were harmless and the court's rulings in such respects need not be reviewed. With possibly one exception, all rulings which are complained of were with reference to matters which could have had no possible bearing on the deficiency in both pleadings and evidence with regard to appellant's average weekly wage. A written, unsworn statement which appellant made January 24, 1955, for the benefit of the Industrial Accident Board and which contained a representation with reference to appellant's average weekly wage was excluded from evidence, on the defendant's objections. It was tendered for a different purpose than that of proving appellant's average weekly wage, but even assuming that it should have been received in evidence, its reception would not have cured the defect in appellant's pleadings.

The judgment of the trial court is affirmed.