EMPLOYERS MUTUAL LIABILITY
INSURANCE COMPANY,
Appellant,

v.

D. K. STROTHER, Appellee.

No. 3888.

Court of Civil Appeals of Texas.

Waco.

June 22, 1961.

Riley, Jones, Boyd & Lovelace, Waco, for appellant.

Bradley & Geren, Groesbeck, for appellee.

McDONALD, Chief Justice.

This is a venue case involving Subdivision 7, Article 1995, Vernon's Annotated Texas Civil Statutes. Parties will be referred to as in the Trial Court. Plaintiff, D. K. Strother, a resident of Limestone County, instituted this suit in Limestone County, to set aside a settlement of a claim for workmen's compensation made with his employer's compensation carrier, Employers Mutual Liability Insurance Company. Defendant filed a plea of privilege to be sued in Dallas County. Plaintiff controverted, invoking the exception of Sect. 7, Article 1995 V.A.T.S., on the ground that the insurer procured the settlement by fraud committed in Limestone County, where the suit was brought.

Trial was before the court without a jury which, after hearing overruled defendant's plea of privilege.

Defendant appeals, contending that the Trial Court erred because there was no evidence, or in the alternative, insufficient evidence, to establish a fraud committed by defendant in Limestone County, within the meaning of Section 7, Article 1995.

Plaintiff alleges, and the record reflects, that he was employed by the Mexia Textile

Mills in Mexia, and that on *4 February, 1960* he sustained severe and permanent injuries to his right leg, foot, and ankle; that he went to Dr. Edgar of Mexia on *8 February, 1960,* who examined him and advised him his injuries were trivial; that he got no better; and in *March 1960* he went to Dr. Hipps in Waco, Texas; that Dr. Hipps advised him he found a cracked bone in his leg which had healed; that on *5 May 1960,* Mr. Ed Bennett, an employee of defendant Insurance Company, came to plaintiff's house in Mexia, Texas and told him that Dr. Hipps had stated that he did not have an insurance case and that plaintiff believed and relied thereon and settled his case for a total of $620 (which was $420 which had already been paid to him in weekly payments; plus $200 additional); that soon thereafter plaintiff began to have more trouble with his foot and leg and that he went to Dr. Brindley in Temple on *1 June, 1960*; Dr. Brindley treated him during the month of June 1960 and on *1 July 1961* amputated his right leg 7 inches below the knee. Plaintiff alleges that he is totally and permanently disabled; that he relied on and believed the statements and representations of the doctors and of Mr. Bennett that his case was not an insurance case and would not have settled but for same; and further that had he known he was going to lose his leg he would not have entered into the settlement.

The record further reflects that plaintiff contracted syphilis in 1936, and that he had a condition existing in his bone known as "Charcots Joint."

Defendant contends that there is no evidence, or insufficient evidence, that plaintiff's case was an insurance case, or that the amputation of his leg was due to the injury he received on 4 February 1960.

■ We are not in accord with the foregoing, at least for purposes of a venue hearing. Any ultimate fact may be established by circumstantial evidence as well as by direct evidence. The trier of fact, in this case the Trial Judge, is not only the judge of the facts and circumstances proven, but may also draw reasonable inferences and deductions from the evidence adduced. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273.

The record before us reflects, among other things, that plaintiff was injured in the course and scope of his employment on 4 February 1960; went to Dr. Edgar on 8 February 1960; went to Dr. Hipps in March 1960; that he settled his claim on 5 May 1960 for a total of $620 on the representation that "his was not an insurance case"; that he grew worse and his leg was amputated on 1 July 1960.

It is true that there is no direct evidence that the amputation of the leg was made necessary by the injury on 4 February 1960, but under the record recited it is certainly a proper, reasonable, and legitimate inference from the facts proven. See: Texas State Hwy. Dept. v. Kinsler, Tex.Civ.App., 230 S.W.2d 364, W/E Ref.; Texas Employers' Ins. Ass'n v. Fletcher, Tex.Civ. App., 339 S.W.2d 542 (n. w. h.).

■ A more serious question is presented as to whether the evidence is sufficient to sustain the implied finding that Dr. Hipps was the defendant insurance carrier's doctor, as distinguished from a voluntarily selected doctor of the plaintiff. The able Trial Court concluded that the record was sufficient to sustain an implied finding that he was the insurance carrier's doctor. (If he was not, any representation by him could not be attributable to the insurance carrier).

The record reflects that the employer's superintendent suggested that plaintiff "go to a specialist", and asked him if he had one in mind. He answered, "No I have not, but I have heard of Dr. Hipps in Waco"; to which the superintendent replied, "Well if you want to, you just go to Dr. Hipps." The record reflects further that Mr. Bennett, the adjuster of the defendant insur-

ance carrier, "got a report from Dr. Hipps of Waco", on plaintiff's condition.

We think the foregoing insufficient to sustain the implied finding that Dr. Hipps is the doctor of the defendant insurance carrier. In this connection we think that the record as to the foregoing was not fully developed. It follows that the judgment is reversed and remanded for another trial on the venue issue. See: Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, pt. 2 at page 99.

While not raised in the instant appeal, in view of another trial, we point out that Milstead v. Texas Emp. Ins. Ass'n, Tex.Civ.App., 308 S.W.2d 84, 86 (n. w. h.) holds that plaintiff must establish that he has "a meritorious claim for * * * compensation" to include establishment of average weekly wage, etc. as a venue fact, in a suit to set aside a settlement.

Reversed and remanded.