**Miles LOCKE et al., Appellant,**

**v.**

**Joan BRENNEMAN et vir, Appellee.**

**No. 4930.**

Court of Civil Appeals of Texas, Waco.

Sept. 17, 1970.

Naman, Howell, Smith & Chase, Louis Muldrow, Waco, for appellant.

Harry G. Fender, Mexia, Bradley & Green, Groesbeck, for appellee.

OPINION

McDONALD, Chief Justice.

This is a venue case involving subdivision 9a, Article 1995, Vernon's Ann.Tex. St. Plaintiffs Joan Brenneman and husband brought this suit against defendants, Miles

Locke, and Locke and Fontaine, Inc., in Freestone County, alleging plaintiff Joan Brenneman the sole surviving heir at law of Joseph Weldon Wilson; that Wilson was killed in an automobile collision on February 12, 1969 in Freestone County 6 miles east of Mexia on U. S. Hwy. 84; that defendant Miles Locke, an employee of Locke and Fontaine, Inc., operating the automobile of Locke and Fontaine, Inc., within the scope of his employment, drove into the automobile of Wilson; that Locke was guilty of negligence in failing to keep a proper lookout; in failing to apply his brakes in time to avoid collision; in traveling at an excessive rate of speed; and in failing to turn to the left to avoid the collision. Defendants filed pleas of privilege to be sued in McLennan County, the county of their residence. Plaintiff controverted asserting venue in Freestone County by virtue of Section 9a, Article 1995 VATS. After hearing without a jury the trial court overruled defendant's plea of privilege.

Defendants appeal contending the trial court erred in overruling their pleas of privilege because: 1) There is no evidence defendants committed any negligent act or omission in Freestone County; 2) There is no evidence any act or omission of defendants proximately caused the collision; 3) There is no evidence Locke and Fontaine Inc., would be responsible for acts or omissions of Miles Locke; 4) There is no evidence that plaintiffs have been injured or damaged by the collision or by any act or omission of defendants.

The only witness was highway patrolman Kellum, who investigated the occurrence. He testified the collision occurred in Freestone County on U. S. Hwy. 84, 5.5 miles west of Teague, near the intersection of Farm Road 1336; that Mr. Wilson was driving a '53 Chevrolet coupe; that defendant Locke was driving a 1966 Chevrolet sedan belonging to defendant Locke and Fontaine, Inc.; that Wilson was traveling east and Locke was traveling west; that it was dark; that the point of impact was twelve feet north of the center line of Hwy. 84 approximately where the paved shoulder and the main traveled portion of the road join; that the right front of Locke's automobile hit the right front of Wilson's vehicle; that Locke left skid marks approximately 114 feet from the beginning to the point of impact; that such marks started on the main traveled portion of the highway and angled to the right toward the shoulder. Photographs of the automobile and of the scene of the collision are also in evidence.

It is not necessary for us to decide whether the evidence supports an implied finding of negligence and proximate cause.

■ There is no evidence that Locke was employed by Locke and Fontaine, or that he was in the course of employment at the time of collision; and there is no evidence of injury or damage to plaintiffs, or of their relationship with the deceased. Plaintiffs introduced their pleadings into evidence, but such may not establish the truth of their own allegations. Kemp v. Westbrook, Tex.Civ.App., (NRE) 358 S.W. 2d 889; 23 Tex.Jur.2d p. 219.

Defendants' points 3 and 4 are sustained. The judgment is reversed.

■ The case was not fully developed, and we think the ends of justice require a remand. 60 Tex.Jur.2d p. 172 et seq.; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Employers Mut. Liability Ins. Co. v. Strother, Tex.Civ.App., (NWH) 347 S.W. 2d 957; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

Reversed and remanded.