Joseph V. WEIR, D. D. S., Appellant,

v.

I. L. DOWLEARN et al., Appellees.

No. 4951.

Court of Civil Appeals of Texas, Waco.

Dec. 17, 1970.

Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, Harry L. Hall, McAllen, for appellant.

Svanas & Svanas, Odessa, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an order overruling defendant's plea of privilege.

Plaintiff Dowlearn sued twenty five directors of Great Southwest Life Insurance Company, in Dallas County, for damages, for alleged fraud, conspiracy to commit fraud, and dissemination of false information in connection with the operation of the Company. Defendant Weir filed plea of privilege to be sued in Hidalgo County, the County of his residence. Plaintiffs controverted asserting venue in Dallas County under subdivisions 4, 5, 7, 10, 12, 17 and 29a of Article 1995 Vernon's Ann. Civ.St.

The trial court after hearing overruled defendant's plea of privilege.

Defendant appeals on 11 points asserting the trial court erred in overruling his plea of privilege.

Plaintiffs in their brief assert that subdivisions 4 and 5 sustain the order of the trial court.

Subdivision 4 provides that if two or more defendants reside in different counties suit may be brought in any county where one of the defendants resides.

To establish venue under Subdivision 4, plaintiff must plead and *prove* a cause of action against the resident defendant. Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1304.

Plaintiff was the only witness. He testified defendant was a stockholder and director of the Great Southwest Life Insurance Company; that defendant lived in McAllen, Texas; that some of the defendants lived in Dallas County. Plaintiff introduced his third amended petition into evidence. Such was admitted "to the extent of showing the notice of the claim or allegation plaintiff is making against the parties named".

Plaintiff asserts since the petition was sworn to and incorporated in its controverting plea, and not controverted as to its facts, that it was in evidence and constitutes proof of the cause of action against the resident defendants.

■ Plaintiff's pleadings may not establish the truth of their own allegations. Kemp v. Westbrook, Tex.Civ.App. (NRE) 358 S.W.2d 889; 23 Tex.Jur.2d p. 219; Wood v. Self, Tex.Civ.App. (NWH) 362 S.W.2d 188; Locke et al. v. Brenneman, Tex.Civ.App. (NWH) 459 S.W.2d 871.

■ There is no evidence of a cause of action against any Dallas County defendant. Hence venue cannot be maintained in Dallas County under subdivision 4, Article 1995.

■ Subdivision 5 provides if a person contracts in writing to perform an obligation in a particular county, suit may be brought upon such obligation against him in such county.

**448**

Plaintiff did not allege or prove that any defendant contracted in writing to perform any obligation in Dallas County. Venue cannot be sustained in Dallas County under Subdivision 5.

The trial court erred in overruling defendant's plea of privilege.

The judgment is reversed and judgment rendered transferring the cause as to defendant Weir to the District Court of Hidalgo County.

Reversed and rendered.