**Forrestine Feezer McMAHON, Appellant,**

v.

**Eveline FORREST, Appellee.**

**No. 5098.**

Court of Civil Appeals of Texas, Waco.

Dec. 2, 1971.

Rehearing Denied Jan. 6, 1972.

Sheehy, Cureton, Westbrook, Lovelace & Nielsen, Dan E. Mayfield, Jr., Waco, for appellant.

Joe N. Johnson, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is a venue case involving subdivision 9a; Article 1995 Vernon's Ann.Tex. St. Plaintiff Forrest sued defendant Forrestine Feezer McMahon in McLennan County alleging plaintiff was riding as a passenger on a motorcycle operated by Bruce Hadley in McLennan County, when defendant suddenly swerved the vehicle she was driving into the path of the motorcycle causing the motorcycle to strike the defendant's automobile causing plaintiff to be injured. Plaintiff alleged defendant changed course of travel when same could not be done with safety and without giving a signal; that same constituted negligence proximately causing plaintiff's injuries, alleged to be $40,000. Defendant filed plea of privilege to be sued in Dallas County, the county of her residence. Plaintiff controverted, asserting venue in McLennan

County under Section 9a, Article 1995 V. A.T.S. After hearing without a jury the trial court overruled defendant's plea of privilege.

Defendant appeals contending the trial court erred in overruling her plea of privilege for the reason there was no evidence or insufficient evidence that defendant in person or as servant, agent or representative committed an act or omission of negligence in McLennan County.

The venue facts requisite for plaintiff to prove under Exception 9a are:

1) That an act or omission of negligence occurred in McLennan County.

2) *That such act or omission was that of defendant in person* or that of her agent, servant or representative acting within the scope of employment.

3) That such negligence was a proximate cause of plaintiff's injuries.

Plaintiff proved that someone driving an automobile was negligent in McLennan County, proximately causing injury to plaintiff. Plaintiff's witness Hadley, the driver of the motorcycle on which plaintiff was a passenger testified:

"Q. Mr. Hadley, one other question. Did you at the time of the collision, or have you ascertained since, that the driver of the vehicle was a Mrs. McMahon?

(Objection made and overruled).

"Q. Did you learn at the time of the accident or somewhere close, learn that the driver of the car was a Mrs. McMahon?

"A. Yes.

"Q. Do you know what kind of a car it was?

"A. Yes. It was a 1965 Continental * * *

"Q. How did you ascertain the name of the driver of the car?

"A. When I went to the filling station, I saw a report, at the filling station.

"Q. In other words, you merely saw a name on some report there, did you not?

"A. Yes sir, that's right."

Defendant asserts the foregoing is no evidence or insufficient evidence that a Mrs. McMahon was in fact the defendant Forrestine Feezer McMahon.

Plaintiff asserts the foregoing sufficient evidence to identify defendant Forrestine Feezer McMahon as the driver of the vehicle which collided with the motorcycle on which plaintiff was a passenger.

We think the evidence insufficient to identify defendant as the driver of the vehicle colliding with the motorcycle, sustain defendant's contention, and reverse the judgment.

The case was not fully developed, and we think the ends of justice require a remand. 60 Tex.Jur.2d, p. 172, et seq.; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Employers Mut. Liability Ins. Co. v. Strother, Tex.Civ.App., NWH, 347 S.W.2d 957; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Locke v. Brenneman, Tex. Civ.App., NWH, 459 S.W.2d 871.

Reversed and remanded.