**C. W. CLIFT, Appellant,**

v.

**Edith DUNN et al., Appellees.**

No. 5104.

Court of Civil Appeals of Texas, Waco.

Feb. 24, 1972.

———◆———

Naman, Howell, Smith & Chase, Waco, for appellant.

John B. Faulkner, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a venue case involving subdivision 9a, Article 1995, Vernon's Ann.Tex. Civ.St. Plaintiff Dunn sued defendant C. W. Clift alleging an accident occurred in Waco, Texas between the parties; that defendant Clift failed to stop at a stop sign, and drove his car into the path of plaintiff's car, causing a collision; that defendant was guilty of negligence causing injury to plaintiff, alleged to be $75,000.

Defendant filed plea of privilege to be sued in Bexar County, the county of his residence. Plaintiff controverted, asserting venue in McLennan County under Section 9a, Article 1995 VATS. After hearing without a jury, the trial court overruled defendant's plea of privilege.

Defendant appeals on one point, contending "there is no credible evidence that defendant was the driver of the automobile involved in the accident".

Plaintiff Dunn testified that C. W. Clift was driving the other car. On cross examination she testified that she learned the driver of the other car was Clift from the police report at the police station. Witness Faulkner testified he investigated the collision and "as part of that investigation secured from the Waco Police Department records reflecting the car involved in the collision was registered to C. W. Clift", * * * "and further learned that this vehicle was in collision with a vehicle driven by Edith Dunn". On cross examination Mr. Faulkner testified he learned the foregoing information from the report at the police station, and "I talked personally to an agent of Mr. C. W. Clift, who verified that Mr. C. W. Clift was in McLennan County, and was driving that automobile." There is no evidence showing the agent status of the party Mr. Faulkner talked with.

■ Plaintiff Dunn's and Mr. Faulkner's testimony insofar as it is based on the police reports is hearsay and of no probative value. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Strickland Transportation Co. v. Ingram, Tex.Civ.App., Er. Dism'd., 403 S.W.2d 192.

■ Mr. Faulkner's testimony insofar as based on his conversation with "an agent of C. W. Clift" is hearsay absent a showing the agency status of such agent by evidence other than the declarations of the alleged agent. Deaton & Son v. Miller Well Servicing Co., Tex.Civ.App., NWH, 231 S.W.2d 944; Latham v. Pledger, 11 Tex. 439; Buzard v. Jolly, Tex., 6 S.W. 422.

■ We think there is no evidence to identify defendant as the driver of the automobile involved in collision with plaintiff, sustain defendant's contention, and reverse the judgment.

■ The case was not fully developed, and we think the ends of justice require a remand. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Employers Mut. Liability Insurance Co. v. Strother, Tex.Civ.App., NWH, 347 S.W.2d 957; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Locke v. Brenneman, Tex.Civ.App., NWH, 459 S.W.2d 871; 60 Tex.Jur.2d p. 172, et seq.; McMahon v. Forrest, Tex.Civ.App., 474 S.W.2d 815.

Reversed and remanded.