Howard HARDY et al., Appellants,

v.

Ora Lee McMILLAR, Appellee.

No. 5218.

Court of Civil Appeals of Texas, Waco.

March 22, 1973.

Naman, Howell, Smith & Chase, Louis Muldrow, Waco, for appellants.

Dunnam, Dunnam & Dunnam, Vance Dunnam, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is a venue case involving Subdivision 9a, Article 1995 Vernon's Ann.Tex.St. Plaintiff McMillar sued defendants Hardy and Bonner & Bonner in McLennan County alleging plaintiff was stopped on Waco Drive in Waco, McLennan County, behind a truck driven by defendant Hardy and owned by defendants Bonner & Bonner; that the truck had some large spools of cable loaded on it and when the truck started forward, "the spools being improperly tied down started rolling off the truck and onto Waco Drive"; that to avoid these rolls of cable from rolling upon her automobile plaintiff attempted to back up and collided with an automobile which was parked behind her, causing injuries to plaintiff. Plaintiff further alleged defendants guilty of negligence: 1) In failing to have the spool of cable tied in such a manner that it would not fall off the truck; 2) In failing to have the spool of cable tied down; 3) In allowing the spool of cable to fall off the truck.

Defendants filed pleas of privilege to be sued in Henderson County and Anderson County, the counties of their residence. Plaintiff controverted asserting venue in McLennan County by virtue of Section 9a, Article 1995.

After hearing without a jury the trial court overruled defendants' pleas of privilege.

Defendants appeal contending the trial court erred in overruling their pleas of privilege because: 1) There is no evidence of any negligent act or omission of defendants in McLennan County; 2) The trial court's conclusion of negligent acts or omissions in McLennan County by defendants is against the great weight and preponderance of the evidence as to be manifestly unjust.

The evidence is that plaintiff was stopped behind defendants' truck at a red light on Waco Drive in Waco, McLennan County. Plaintiff testified there was a large spool of wire weighing several thousand pounds on defendants' truck held by a small piece of wire or cable wrapped in rubber; that she saw the truck had started forward and she saw the wire holding the spool giving and starting to break loose; that the spool started to roll off the truck, and, she, plaintiff, put her car in reverse and started backing up to keep the spool from hitting her; that she backed into a car behind her causing injury to herself.

The evidence thus establishes that defendants were hauling a large spool of cable weighing several thousand pounds; and that the wire or material holding the spool broke.

■ Evidence that an accident occurred is not evidence of negligence. Wells v. Texas Pacific Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660, 662; Rankin v. Nash, 129 Tex. 396, 105 S.W.2d 195.

■ We think there is no evidence to establish an act or omission of negligence on defendants' part. Defendants' point 1 is sustained. The judgment is reversed.

The case was not fully developed, and we think the ends of justice require a remand. 60 Tex.Jur.2d 172; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Locke v. Brenneman, Tex.Civ.App., NWH, 459 S.W.2d 871; McMahon v. Forrest, Tex.Civ.App., Er.Dis., 474 S.W.2d 815.

Reversed and remanded.