**BEACON NATIONAL INSURANCE COMPANY, Appellant,**

v.

**Martin Billy HARMEL et al., Appellees.**

**No. 5341.**

Court of Civil Appeals of Texas, Waco.

Sept. 19, 1974.

Rehearing Denied Oct. 17, 1974.

Joe E. Shaddock, Wichita Falls, for appellant.

John B. Faulkner, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Insurance Company from an order overruling its plea of privilege to be sued in Wichita County, the county of its residence.

The case involves many parties, and is factually complex, but insofar as this appeal is concerned, is based on the uninsured motorist provisions of a policy issued by appellant to Martin William Harmel, deceased father of appellees, (who are Harmel's heirs and beneficiaries).

The suit grew out of a three vehicle collision in which seven persons were killed. The Mosley car was traveling west on Lake Shore Drive, in Waco, McLennan County when it attempted to pass a motorcycle driven by Massey who was attempting a left turn into College Drive. The Mosley car hit the Massey motorcycle, then proceeded into the eastbound lane of traffic hitting the Harmel car which was traveling east in the east-bound lane.

Mosley filed this suit as a bill of interpleader tendering into court $20,625. (payable under her liability insurance policy) and requesting service on Massey, the Harmel heirs (appellees herein), and others for determination of entitlement to such $20,625.

Appellees thereafter filed cross action against Mosley and cross action against appellant insurance company under the uninsured motorist provision of the policy issued to Martin Harmel, based on the negligence of the motorcyclist Massey, an uninsured motorist.

Appellant filed its plea of privilege. Appellees controverted such plea of privilege asserting venue in McLennan County under subdivisions 4, 23 and 29a of Article 1995 Vernon's Ann.Tex.Civ.St. After hearing the trial court overruled such plea of privilege.

Appellant appeals on 13 points contending the trial court erred in overruling its plea of privilege for the reasons:

1) There was no competent evidence of the existence of an insurance policy or its terms.

2) There was no competent evidence of negligence on the part of a driver of an uninsured vehicle.

3) Another defendant tendered into court $20,000, in payment of injuries to appellees' and appellant's liability is thereby diminished to zero.

◼ Contention 1 asserts there was no competent evidence of the existence of an insurance policy or its terms.

Appellees tendered into evidence a policy of insurance which shows to have been issued by appellant to Martin William Harmel, it being policy No. FA 727 28 and marked as plaintiff's Exhibit 8. The policy by its terms was in full force and effect on October 8, 1972, the date of the collision, and by its terms reveals uninsured motorist protection to be $20,000. per acci-

dent. And appellant admitted issuing such policy.

Contention 1 is overruled.

 Contention 2 asserts there was no competent evidence of negligence on the part of a driver of an uninsured vehicle.

The evidence from witnesses Watts and Holt, police officers who investigated the collision, is ample to sustain a finding that Massey was negligent.

Appellees had the further burden of proving by competent evidence that Massey was an uninsured motorist in order to establish a cause of action against appellant. Members Mutual Ins. Co. v. Tapp, Tex., 469 S.W.2d 792. And such rule applies to a venue hearing. Employers Cas. Co. v. Clark, Tex., 491 S.W.2d 661.

Massey in response to requests for admissions filed and mailed to him by appellees, after appellant was a party to this suit, admitted he was an uninsured motorist.

The only evidence that Massey is uninsured is Massey's answers to requests for admissions. This evidence is hearsay as to appellee, and cannot form the basis for a finding that Massey was in fact uninsured. Aetna Ins. Co. v. Klein, 160 Tex. 61, 325 S.W.2d 376; Members Mut. Ins. Co. v. Randolph, Tex.Civ.App., NRE, 477 S.W.2d 315; United Services Automobile Assn. v. Ratterree, Tex.Civ.App., 512 S.W.2d 30. See also Rule 169 Texas Rules of Civil Procedure.

Contention 2 is sustained and requires a reversal.

 Contention 3 asserts that since another defendant tendered into court $20,000. in payment of injuries to appellees that appellant's liability is diminished to zero.

Mosley tendered into court $20,625. (payable under her liability policy), for the benefit of some 20 persons including appellees, Massey, occupants of the Mosley ve-

hicle and their heirs. There is no showing that the amount tendered will all go to appellees.

Contention 3 is overruled.

The case was not fully developed and we think the ends of justice require a remand. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; McMahon v. Forrest, Tex. Civ.App., Er.Dis., 474 S.W.2d 815; Hardy v. McMillar, Tex.Civ.App., NWH 492 S. W.2d 381; Clift v. Dunn, Tex.Civ.App., NWH 477 S.W.2d 641.

Reversed and remanded.