Jimmy TRAYLOR, Appellant,

v.

Deborah JIMENEZ, Appellee.

No. 6207.

Court of Civil Appeals of Texas,
Waco.

May 29, 1980.

Rehearing Denied June 20, 1980.

J. Frank Kinsel, Jr., Naman, Howell, Smith, Lee & Muldrow, P. C., Waco, for appellant.

Jim Meyer, Dunnam, Dunnam, Horner & Meyer, Waco, for appellee.

HALL, Justice.

This is a venue case. Plaintiff Deborah Jimenez sued defendant Jimmy Traylor for personal injury and property damages allegedly suffered by plaintiff as the result of a collision in the City of Waco, McLennan County, between the parties' automobiles being driven by them at the time. Plaintiff pleaded that the collision was proximately caused by defendant's negligence in several particulars. Defendant filed his plea of privilege to be sued in Coryell County, the county of his residence. Plaintiff controverted the plea under the provisions of subdivision 9a of Article 1995, Vernon's Tex. Civ.St. After a hearing before the court without a jury, the plea of privilege was overruled. Defendant brought this appeal. We affirm the judgment.

Among other requirements of subdivision 9a of the venue statute, plaintiff was required to prove that the collision was proximately caused by a negligent act or omission of the defendant. Defendant asserts in his two points of error that there was no probative evidence to identify him as the driver of the vehicle which struck plaintiff's automobile, and, therefore, there was no evidence that he committed an act or omission of negligence which caused the collision.

Plaintiff was the only witness at the hearing. The pertinent portion of her testimony was as follows:

DIRECT EXAMINATION: "Q. With whom were you involved in an accident?

A. With Jimmy Traylor. Q. And is he the defendant in the case? A. Yes, sir. . . . Q. Would you tell the court how the accident happened? A. I was headed west on Washington. I made it through the 1700 block and was approaching the 1800 block of Washington and I seen Jimmy Traylor pulling out of Hall's Body Shop and coming down toward me. And when I seen that he wasn't going to stop coming out of the driveway, I honked my horn and swerved to try to avoid from hitting me but he just came right on into the side of my car. . . . Q. Did you see him from the time he got into his car until the time he hit you? A. Yes, sir. Q. Okay. Tell the court what all he did. A. For some reason, I was looking over toward the corner there and I seen him go and get into his car and I seen him start to pull to the curb as I was approaching, but I figured he was going to stop . . . ."

CROSS EXAMINATION: "Q. Miss Jimenez, when did you first see this man that hit you? A. Jimmy Traylor? Q. Yes, when did you first see him? A. I seen him as he was getting into his car. Q. How far away were you at the time? A. I would say at least a hundred feet, maybe a little bit more. Q. When did you first meet Jimmy Traylor? A. At the accident. Q. Okay. And did Mr. Traylor just tell you his name? A. No, sir. I got all my information from the police officer. Q. Had you ever met Mr. Traylor before? A. No, sir. Q. Have you ever met Mr. Traylor since? A. No, sir."

Immediately following the above cross examination, which ended the proof, defendant's attorney stated to the court, "Your honor, I'll object to any hearsay evidence as to knowledge of the defendant in this case, as there is no showing that Miss Jimenez knows the defendant other than hearsay evidence. After my questions, I believe there is no evidence that the defendant committed any act or omission of negligence in McLennan County."

On this appeal defendant again asserts the record establishes that plaintiff's testimony identifying him as the driver of the car was hearsay and therefore of no probative value because of her statement, "I got all my information from the police officer," when asked "[D]id Mr. Traylor just tell you his name?" We do not agree with that proposition.

Defendant cites *Clift v. Dunn*, 477 S.W.2d 641 (Tex.Civ.App.—Waco 1972, no writ) in support of his hearsay contention. In *Clift*, testimony on behalf of the plaintiff that the defendant was driving the vehicle which struck the plaintiff's car was based upon information obtained from a police report at the police station and from an asserted "agent" of the defendant whose agency status was not shown. The testimony was held to be hearsay and of no probative value. We have more than that here. Plaintiff in the present case testified that she and defendant met at the scene of the accident. The term "met" was used here as the past tense of the intransitive verb "meet," which means "to become acquainted; to be introduced." Webster's Unabridged Dictionary (2d ed. 1967). The record is silent as to what transpired between the parties during this personal encounter, and as to whether it was held before or after plaintiff's conversation with the police officer. It is conceivable that at this meeting between the parties plaintiff personally verified the officer's identification of the driver of the other car as being defendant Jimmy Traylor, without defendant directly telling her his name.

Plaintiff testified that the driver of the vehicle involved in the collision with her car was defendant. Admissible testimony of a witness must be assumed to be endowed with probative value when it is possible under the record for the witness to have obtained personal knowledge of the facts related. *Missouri Pac. Ry. Co. v. Sherwood*, 84 Tex. 125, 19 S.W. 455, 459 (1892). The hearsay character of the testimony must affirmatively appear before it may be disregarded on appeal. *Strickland v. Ingram*, 403 S.W.2d 192, 195 (Tex.Civ. App.—Texarkana 1966, writ dism.).

Under the evidence we are unable to say that plaintiff's questioned testimony was based on pure hearsay. In the words of the court in *Missouri Pac. Ry. Co. v. Sherwood,* supra, "the cross-examiner did not sufficiently probe the source of the witness' knowledge to justify us in holding that it was founded entirely on hearsay, rendering [her] testimony inadmissible."

The judgment is affirmed.