**Fred BALLARD, Appellant,**

v.

**Jimmy Don ROTHWELL et al., Appellees.**

**No. 6266.**

Court of Civil Appeals of Texas, Waco.

Dec. 31, 1980.

Rehearing Denied Jan. 29, 1981.

Ron B. Johnson, Waxahachie, for appellant.

Richard D. Bird, Bird & Bird, Childress, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Ballard from an order of the trial court granting defendants' pleas of privilege to be sued in Childress County.

Plaintiff sued defendants alleging plaintiff and defendant Jimmy Don Rothwell jointly purchased 20 acres of land; that defendants Jimmy Don Rothwell and Billy Joe Rothwell presented a deed to plaintiff to the property for plaintiff's signature in Ellis County, representing to plaintiff the property had been sold for $525,000; that based on said representations plaintiff signed the deed, and defendants executed and delivered the deed to defendant Park; that defendants Rothwell knew at the time the deed was presented to plaintiff that the property had not sold for $525,000, but was being sold for a sum substantially below its market value, resulting in loss and damage to plaintiff of $200,000.

Defendants filed pleas of privilege to be sued in Childress County, the county of their residence.

Plaintiff controverted, asserting venue maintainable in Ellis County under Subdivision 7, Article 1995 VATS as to defendants Rothwell, and under Subdivision 29a, Article 1995 as to defendant Park.

Trial was to the court which sustained defendants' pleas of privilege and ordered the case transferred to Childress County.

Plaintiff appeals on one point:

"The trial court erred in granting defendants' pleas of privilege because plaintiff introduced proof of a transaction which may constitute actionable fraud in the county where venue is sought to be maintained."

Subdivision 7, Article 1995 VATS provides:

"In all cases of fraud * * * suit may be brought in the county where the fraud was committed * * *".

Plaintiff was the only witness. He testified that he lived in Waxahachie, Ellis County; that defendants Jimmy Don Rothwell and Billy Joe Rothwell lived in Childress; that plaintiff, Jimmy Don Rothwell and Charles Waggoner purchased the land here involved in 1978, upon which was a gin; that the three owned the land and improvements and operated the gin; that the property had a first lien against it of approximately $250,000; which with other debts amounted to a total indebtedness of approximately $525,000; that plaintiff met in Childress in January 1980 with the Rothwells and decided to sell the property; and concluded to the price needed to get for sale of the gin property to be $525,000; that the Rothwells came to him in Waxahachie in February 1980; said the gin could be sold to one of two persons for $525,000; that he signed two legal instruments to consummate one or the other of the two sales; that the property did not sell to either prospect;

that the Rothwells came back to see him in Waxahachie, Ellis County on the night of April 23, 1980; told plaintiff another man wanted to buy and "they needed to get another paper signed"; that they discussed about the purchase price and the Rothwells said they would not have to pay a commission and could get more money out of the sale; that they discussed that "we had to get at least $525,000 for the property in order to settle the indebtedness"; that plaintiff signed the deed; the deed reflects a consideration of $10. "and other valuable consideration" plus the assumption by the buyer of the "first lien indebtedness originally in the amount of $308,000"; that plaintiff understood from the Rothwells that the "other consideration" was "the difference between what we owed on the property to Boyd and $525,000"; that the purchaser was to get such consideration from relatives who lived in Louisiana; that plaintiff later called the bank in Memphis and learned the $107,000 note owed had not been paid; that he called Jimmy Don Rothwell and he told plaintiff they had sold the gin for the debt due Boyd; that plaintiff asked Rothwell why would he sell for $250,000/$300,000 when we owed more; that Rothwell said "we ran a good bluff and got away with it"; indicating to plaintiff they intentionally set out to misrepresent the sale to plaintiff; that plaintiff would not have signed the deed based on assumption of the first lien debt alone; that the Rothwells told plaintiff they were trying to sell to Park for $525,000.

At the close of plaintiff's testimony defendants' counsel addressed the court: "Prior to offering any testimony in rebuttal, we would like to make a motion at this time that the court sustain the plea of privilege and transfer the cause to Childress County for the reason that the plaintiff has failed to show compliance with exception 7."

The trial court then sustained the pleas of privilege and ordered the cause transferred to Childress County.

We think plaintiff's testimony unequivocal that misrepresentation was made to him by defendant in Ellis County; that he believed the representations, and relied on them to his detriment; and there is no evidence to the contrary.

As noted plaintiff was the only witness. Defendants were in the courtroom, but offered no evidence, and did not deny or rebut the plaintiff's testimony.

As stated by this Court in *Dunn v. Johnson*, Tex.Civ.App. (Waco) NWH, 274 S.W.2d 108: "The silence of the opposing party not only strengthens the probative force of the affirmative proof but of itself is clothed with a certain probative force". To the same effect is *Moss v. Sherwin*, Tex.Civ.App. (San Antonio) NWH, 328 S.W.2d 816; *The National Life and Accident Ins. Co. v. Green*, Tex.Civ.App. (Waco) NWH, 477 S.W.2d 689. See also *Collora v. Navarro*, Tex., 574 S.W.2d 65.

Plaintiff's point is sustained. The judgment is reversed.

The trial court however transferred the case on defendants' motion at the close of plaintiff's testimony and prior to defendants offering any evidence. The case was thus not fully developed and we think the ends of justice require a remand. *Beacon National Ins. Co. v. Harmel*, Tex.Civ.App. (Waco) Er.Dis. 514 S.W.2d 480; *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458; *Buchanan v. Jean*, 141 Tex. 401, 172 S.W.2d 688; *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97; *McMahon v. Forrest*, Tex.Civ.App. (Waco) Er.Dis. 474 S.W.2d 815; *Hardy v. McMillar*, Tex.Civ.App. (Waco) NWH, 492 S.W.2d 381; *Clift v. Dunn*, Tex.Civ.App. (Waco) NWH, 477 S.W.2d 641.

REVERSED and REMANDED.