## DR. PEPPER COMPANY, Appellant,

v.

## Bobbie Lea CROW, Appellee.

### No. 6346.

Court of Civil Appeals of Texas, Waco.

Aug. 28, 1981.

Tom J. Stollenwerck, Brian H. Fant, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, for appellant.

Don Hinds, Yarborough, Hinds, Shahan & Snyder, Dallas, for appellee.

### OPINION

McDONALD, Chief Justice.

This an appeal from an order overruling defendant Dr. Pepper's plea of privilege.

Plaintiff Crow sued defendant Dr. Pepper, Inc., in Ellis County, alleging that on July 1, 1980, she was opening a bottle of Dr. Pepper in the manner in which it was intended, when suddenly and without warning the bottle exploded and the cap struck plaintiff's right eye inflicting injury and damages; that the Dr. Pepper bottle was new and in substantially the same condition as it was when she purchased it; that said product was defective and unreasonably dangerous to the user; that while using it as intended, such defect was the proximate cause of injury and damage to plaintiff; and said defect was a breach of the implied warranty of fitness of the product. Plaintiff sought $25,000 damages.

Defendant filed plea of privilege to be sued in Dallas County, its county of residence. Plaintiff controverted, asserting venue maintainable in Ellis County under Subdivisions 23 and 31 of Article 1995 VATS.

Trial was to the court which after hearing overruled defendant's plea of privilege.

Defendant appeals asserting the trial court erred in overruling its plea of privilege because:

1) The evidence was legally and factually insufficient to sustain venue under Subdivision 23, Article 1995.

2) The evidence was legally and factually insufficient to sustain venue under Subdivision 31, Article 1995.

Plaintiff testified she lived in Forreston, Ellis County; that she was injured by a Dr. Pepper bottle top on July 1, 1980; that the injury occurred in her home about 9:30 A.M.; that she purchased the Dr. Pepper at Francis Grocery Store in Forreston about 9 A.M.; that the Dr. Pepper was on top of the coke machine in a display of Dr. Peppers, Pepsis and Cokes when she purchased it; that it was a 3 liter plastic bottle; that she purchased it; walked home (about a block); hung up some clothes; started to twist the top off the Dr. Pepper; that it just flew off and hit her in the right eye injuring it.

There were no other witnesses.

Subdivision 23 states: "Suits against a private corporation * * * may be brought in the county in which the cause of action or part thereof arose * * *".

The venue facts are thus: 1) that defendant is a corporation; 2) that plaintiff has a cause of action against defendant; 3) that some part of the cause of action arose in Ellis County.

Plaintiff plead defendant was a corporation. Defendant did not deny by verified pleading pursuant to Rules 52 and 93 TRCP that it was not a corporation; thus, such fact was established. *Ginther-Davis Const. Co. v. Bryant-Curington, Inc.*, CCA (Waco) NWH, 614 S.W.2d 923. Plaintiff testified the bottle cap flew off and hit her in the eye in Ellis County; thus, a part of the cause of action arose in Ellis County. *Lubbock Mfg. Co. v. Sames*, S.Ct., 598 S.W.2d 234, states "A cause of action in strict liability is governed by Section 402A of the Restatement of Torts which defines such as follows:

1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, * * * if

a) the seller is engaged in the business of selling such a product, and

b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold * * *".

Defendant asserts there is no evidence the Dr. Pepper was defective when it left the manufacturer or that it reached plaintiff without substantial change.

■ A prime requirement for imposing liability on a seller under the rule of strict liability is proof that the plaintiff was injured because of a defective condition in the product when it left the hands of the manufacturer. Such proof may be made by circumstantial evidence. *Pittsburgh Coca-Cola Bottling Works v. Ponder*, S.Ct., 443 S.W.2d 546.

There is insufficient in this case that the bottle which injured plaintiff was defective when it left the manufacturer.

Under Subdivision 31, Article 1995, plaintiff must establish 1) the suit is for breach of warranty; 2) the defendant is the manufacturer of the product; 3) the product is a consumer good; and 4) the suit is brought in the county where plaintiff resides.

■ The pleadings here establish that the suit is for breach of warranty; a Dr. Pepper is a consumer good; the suit was brought in the county of plaintiff's residence.

Defendant asserts plaintiff has not established that it was the manufacturer of the product which injured plaintiff.

There is insufficient evidence that the defendant herein was the manufacturer of the product which injured plaintiff. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660. *John Deere Co. v. Whitley*, CCA (Amarillo) Er.Dismd, 597 S.W.2d 43.

Defendant's points are sustained. The judgment is reversed.

Nevertheless, we think the case was not fully developed and that the ends of justice require a remand. *Beacon National Ins. Co. v. Harmel*, CCA (Waco) Er.Dismd, 514 S.W.2d 480; *Jackson v. Hall*, S.Ct., 147 Tex. 245, 214 S.W.2d 458; *Buchanan v. Jean*, S.Ct., 141 Tex. 401, 172 S.W.2d 688; *Banks v. Collins*, S.Ct., 152 Tex. 265, 257 S.W.2d 97; *McMahon v. Forrest*, CCA (Waco) Er. Dismd, 474 S.W.2d 815; *Hardy v. McMillar*, CCA (Waco) NWH, 492 S.W.2d 381; *Clift v. Dunn*, CCA (Waco) NWH, 477 S.W.2d 641.

REVERSED AND REMANDED.