Carlos Garcia TIJERINA, Appellant,

v.

Gladys Olivia SHIPMAN, Appellee.

No. 18660.

Court of Appeals of Texas, Fort Worth.

Dec. 3, 1981.

Oster & Kaufman and Herbert Garon, Jr., Dallas, for appellant.

Yarborough, Hinds, Shahan & Snyder and Don B. Hinds, Dallas, for appellee.

## OPINION

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

SPURLOCK, Justice.

This is a venue case. Gladys Olivia Shipman is plaintiff and Carlos Garcia Tijerina is defendant. This suit arose from an automobile collision. Plaintiff contends that venue is properly laid in Tarrant County, Texas. The sole issue before us is whether the case should be reversed and remanded or reversed and ordered transferred to the county of the defendant's residence. The trial court overruled the plea of privilege.

We reverse and remand.

To sustain venue in Tarrant County, plaintiff filed a controverting affidavit to the plea of privilege relying upon Tex.Rev. Civ.Stat.Ann. art. 1995, subd. 9a *Negligence* (Supp.1980–81). This exception to the general venue statute stated in summary form provides that venue may be sustained in this case in Tarrant County if an act of negligence occurred in this county and such negligence was a proximate cause of plaintiff's injuries and that the act or omission constituting negligence was committed by the defendant or his servant, agent, or representative acting within the scope of his employment.

At the plea of privilege hearing, the only witness was the plaintiff. She testified that the collision occurred at the intersection of FM 1187 and FM 1088 in Tarrant County, Texas. She was driving a Chevrolet Vega and the adverse vehicle was a dump truck. She was southbound and stopped for a stop sign and looked to her left and right and no vehicle was in sight. She proceeded across the intersection and her vehicle was struck in the rear portion by the dump truck coming from her right. She was injured as a result of this collision,

was hospitalized, and around five hundred stitches were taken in her face to sew up the cuts.

The defendant assigns two points of error contending that there is no evidence and insufficient evidence that the defendant was negligent. The plaintiff admits that by inadvertence she failed to prove that the defendant or his agent, servant, or employee acting within the scope of his employment was the driver of the dump truck.

The rule is well stated in 60 Tex.Jur.2d *Venue*, sec. 248 (1964) as follows:

"And if the judgment is reversed and it appears that on a retrial it can be shown that the venue was properly laid, a transfer will not be ordered but the cause will be remanded to the trial court for the curing of mere defects in pleading or proof."

The text cites many authorities in support thereof.

In *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458 (1948), the Supreme Court issued a writ of mandamus against the Court of Civil Appeals to require them to certify questions in a venue case. Plaintiff had sued the corporation that is doing business in the county where plaintiff resided. This fact was uncontroverted. By inadvertence, plaintiff failed to prove that he was a resident of the county where he filed suit. The Court of Civil Appeals reversed and ordered the case transferred. The question here was the refusal by the Court of Civil Appeals to reverse the cause for a new trial on the venue question, rather than transferring the case to another county. The Supreme Court held that as a general rule the Court of Civil Appeals should not render judgment unless it appears that the case has been fully developed. The Supreme Court stated:

"If the Court of Civil Appeals determines that the judgment of the trial court is unsupported by the evidence, or that the evidence in support thereof is insufficient, its judgment should be one of remand and not one of rendition, unless it appears that the facts were fully developed at the trial appealed from."

In *Clift v. Dunn*, 477 S.W.2d 641 (Tex.Civ. App.—Waco 1972, no writ), the court had before it an almost identical fact situation as the case before us. Plaintiff controverted the plea of privilege under art. 1995, sec. 9a. Plaintiff testified that the collision occurred in the county of suit, that the adverse driver was negligent, and that she suffered injuries as a result of the collision. She proved the identity of the adverse driver by what she learned from the police report and what some witness told her. This was hearsay. The trial court overruled the plea of privilege. On appeal, the case was reversed and remanded rather than transferred. The Waco Court of Civil Appeals stated the law as follows:

"The case was not fully developed, and we think the ends of justice require a remand. *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458; *Employers Mut. Liability Insurance Co. v. Strother*, Tex.Civ. App., NWH, 347 S.W.2d 957; *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97; *Locke v. Brenneman*, Tex.Civ.App., NWH, 459 S.W.2d 871; 60 Tex.Jur.2d p. 172, et seq.; *McMahon v. Forrest*, Tex. Civ.App., 474 S.W.2d 815."

We are convinced that the ends of justice will be better served in this case if we remand this case for a retrial of the venue question.

We reverse and remand.