H.E. BUTT, d/b/a H.E.B. Food Stores and C.C. Butt Grocery Company, Appellant,

v.

A.C. GONZALEZ, Appellee.

No. 04-81-00240-CV.

Court of Appeals of Texas, San Antonio.

Jan. 19, 1983.

Thomas H. Crofts, Jr. and Ann Livingston, Groce, Locke & Hebdon, San Antonio, for appellant.

Scott F. Monroe, Harris, Harris, Childers & Monroe, Kerrville, for appellee.

Before BUTTS, TIJERINA and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from an order overruling a plea of privilege in a negligence case. The appellee, A.C. Gonzalez, alleged that he was injured from a fall at an H.E.B. grocery store owned by the appellant, H.E. Butt. Suit was brought in Kerr County. Butt filed a plea of privilege to be sued in Nueces County, the county of his residence. Gonzalez filed a controverting plea relying on Tex.Rev.Civ.Stat.Ann. art. 1995(9a) *Negligence* (Vernon Supp.1982) as a basis for venue in Kerr County. After a hearing, the trial court overruled the appellant's plea of privilege.

Appellant, in his single point of error, urges that the trial court erred in overruling appellant's plea of privilege because there is no evidence of any act or omission of negligence of the appellant or any servant, agent or representative acting within the scope of employment with the appellant, and therefore subdivision 9a will not sustain venue in Kerr County.

This exception to the general venue statute, stated in summary form, provides that venue may be sustained in Kerr County if an act of negligence occurred in that county, and such negligence was a proximate cause of plaintiff's injuries and that the act or omission constituting negligence was committed by the defendant or his servant, agent, or representative acting within the scope of his employment. At the plea of privilege hearing, the appellee showed that the negligence occurred in Kerr County and that such negligence was a proximate cause of Gonzalez' injuries. Appellee admitted, both in his brief and at oral argument, that there was no direct evidence at the hearing of a connection between Butt and the H.E.B. grocery store because his ownership of the store was not shown. Since the appellee concedes appellant's only point of error, we must now turn our attention to the question of the proper judgment to render.

Appellant argues that the court of appeals should reverse the judgment of the trial court and render judgment that the case be transferred to Nueces County. He contends that a remand for retrial is not required, but is within the discretion of this court. A remand for retrial, he says, would only allow the appellee another "bite of the apple," a chance to develop evidence that should have been presented at the hearing. *Kissman v. Bendex,* 587 S.W.2d 675, 678 (Tex.1979); *Owen v. Brown,* 447 S.W.2d 883, 886 (Tex.1969); *National Life & Accident Insurance Co. v. Blagg,* 438 S.W.2d 905, 911 (Tex.1969).

We disagree. The law seems to be settled that where a case has not been fully developed, a reversal and remand for retrial is required in the interest of justice. In *Jackson v. Hall,* 147 Tex. 245, 214 S.W.2d 458 (1948), the Supreme Court passed on this very question. That was a venue case where, by inadvertence, the relators failed to prove that they resided in or that a cause of action arose in the county where the suit was filed. The court of appeals reversed and ordered the case transferred. The Supreme Court stated:

> If the Court of Civil Appeals determines that the judgment of the trial court is unsupported by the evidence, or that the evidence in support thereof is insufficient, *its judgment should be one of remand and not one of rendition,* unless it appears that the facts were fully developed at the trial appealed from. (Emphasis added.)

214 S.W.2d at 459. In *Clift v. Dunn,* 477 S.W.2d 641 (Tex.Civ.App.—Waco 1972, no writ), the court had before it a plea of privilege filed by the defendant in a negligence case resulting from an automobile collision. The plaintiff proved the identity of the driver through hearsay. The trial court overruled the defendant's plea of privilege. On appeal the case was reversed and remanded rather than transferred. The court stated "The case was not fully developed, and we think the ends of justice require a remand," citing *Jackson, supra.*

In *Tijerina v. Shipman,* 625 S.W.2d 427 (Tex.App.—Fort Worth 1981, no writ), the court had before it an almost identical fact situation as the case at bar. At a plea of privilege hearing in a negligence case caused by an automobile collision, the plaintiff inadvertently failed to prove that the defendant or his agent, servant or employee acting within the scope of his employment was the driver of the dump truck, the exact point the appellee failed to show in the present case. The court, relying on *Jackson,* and *Clift, supra,* held that the ends of justice would be best served if the case was remanded for retrial on the venue question.

In our present case it was obvious that the appellee's failure to show the appellant's ownership of the H.E.B. store was through inadvertence. Appellee's Controverting Plea to the Plea of Privilege incorporated as an attachment an Assumed Name Certificate filed by appellant indicating he was doing business as H.E.B. Food Store in Kerr County, Texas, as a sole proprietorship. We hold that this case was not fully developed at the plea of privilege hearing and that the judgment of the trial court be reversed and the cause remanded for retrial of the venue question in the interest of justice.