**W. A. PREWITT, Jr., Appellant,**

**v.**

**The FIRST NATIONAL BANK OF WACO,**
**Texas, Appellee.**

**No. 5214.**

Court of Civil Appeals of Texas,
Waco.

Feb. 1, 1973.

Bowmer, Courtney, Burleson & Pemberton, Inc., Bob Burleson, Temple, for appellant.

Sleeper, Williams, Johnston, Helm & Estes, Minor L. Helm, Jr., Waco, for appellee.

## OPINION

JAMES, Justice.

This is a venue matter involving subdivisions 4 and 5 of Article 1995, Vernon's Annotated Texas Civil Statutes. This suit was instituted in McLennan County, Texas, by Plaintiff-Appellee, The First National Bank of Waco, Texas, on a note, the maker of which was Texas Metallic Mines, Inc. The Bank sued not only the maker of the note, but also Defendant-Appellant W.

A. Prewitt, Jr., and others who were guarantors of the note. Defendant-Appellant Prewitt, being a resident of Bell County, Texas, filed a plea of privilege which was controverted by Plaintiff-Appellee Bank, under subdivisions 4, 5 and 29a of Article 1995 V.A.T.S. After hearing, the trial court overruled the plea of privilege, from which Defendant-Appellant Prewitt prosecutes this appeal. We reverse and remand the cause to the trial court.

The Statement of Facts consists only of four instruments offered by Plaintiff-Appellee Bank and admitted by the trial court, to wit, the note and three guaranty instruments.

The first guaranty instrument shown to be admitted in evidence was signed by Defendant-Appellant Prewitt and several other Defendants and reads as follows:

### "GUARANTY

In order to induce The First National Bank of Waco, Waco, Texas to extend credit to TEXAS METALLIC MINES, INC. hereinafter called "Borrower," the undersigned, their heirs, executors and administrators, jointly and severally guarantee to The First National Bank of Waco, Waco, Texas, its successors and assigns, the prompt payment when due and at all times thereafter, of any and all existing and future indebtedness and liability of said Borrower to said Bank, together with any and all renewals, extensions and modifications thereof.

This guaranty is additional to, and is independent and cumulative of any other guaranty, collateral or security for the payment of such indebtedness or liability, and any and all such other guaranty, collateral or security may, without notice to or consent of the undersigned, be sold, released, surrendered, exchanged, settled, compromised, waived, subordinated or modified, with or without consideration, upon terms and conditions acceptable to the Bank, without in any manner affect-

ing the liability of the undersigned hereunder.

This is a continuing guaranty, and shall remain in force until revoked by the undersigned by written notice delivered to said Bank, but revocation shall not affect liability of the undersigned incurred prior to delivery of such notice.

It is understood that the liability of the undersigned to the Bank under this guaranty, shall not exceed the amount of Fifty Thousand and no/100 .... Dollars.

Witness our hands this ——————— day of February, 1969.

In Presence of

| /s/ King W. Bridges | /s/ W. P. Jones |
| | W. P. Jones |
| | /s/ W. A. Prewitt, Jr. |
| | W. A. Prewitt, Jr. |
| | /s/ A. P. Williams |
| | A. P. Williams |
| | /s/ King W. Bridges |
| | King W. Bridges |
| | /s/ Marion F. Pearce |
| | Marion F. Pearce |
| | B. M. Connor |
| | /s/ L. E. Etnyre |
| | L. E. Etnyre |
| | /s/ John L. Bates |
| | John L. Bates" |

The second guaranty instrument shown to be admitted in evidence is in identical language as that above except that it is shown to be signed only by O. L. Hill, another of the Defendants. The third guaranty instrument shown to be admitted in evidence is in identical language to the first above-quoted except that in the third instrument the overall liability is limited to $15,000.00, is dated January 20, 1969, and is shown to be executed by Defendant-Appellant Prewitt and other Defendants. These differences, however, are not material to this appeal.

The note sued upon is in the principal amount of $48,000.00, dated January 2, 1970, and shown to be executed by Texas Metallic Mines, Inc., as maker, acting by and through its president and secretary-treasurer. The following is a recitation of that portion of the note pertinent to this suit:

"Waco, Texas, January 2, 1970. 120 days after date, waiving grace and protest, I, we, or either of us, promise to pay to the order of The First National Bank of Waco, Texas, Forty-eight thousand and no/100 Dollars with Interest at the rate of 9½ per cent. per annum from date until paid, and ten per cent. additional on full amount due if placed in the hands of an attorney for collection. For value received, negotiable and payable at the office of said Bank."

The above-described guaranty instruments and note comprise the entire Statement of Facts, and there is no other evidence of any kind in the record.

Appellant attacks the trial court's judgment in effect on the grounds that the evidence is legally insufficient to support venue in McLennan County under subdivisions 4, 5, and 29a of Article 1995, V.A.T.S., or any of them insofar as Appellant Prewitt is concerned.

Appellee's brief does not contain any contention, argument, or authority to the effect that subdivision 29a is applicable; therefore, we assume that Appellee has abandoned subdivision 29a. Appellee did urge in its brief that subdivisions 4 and 5 are applicable. This being so, our discussion will center around subdivisions 4 and 5 of Article 1995, V.A.T.S.

The pertinent portion of subdivision 4 provides: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Our Supreme Court has held that under subdivision 4 the Plaintiff-Appellee has the following burden of proof to sustain venue in the county of

suit: (1.) That the suit is against two or more defendants properly joined (plaintiff's pleadings may be looked to in order to determine this element), (2.) that one of the defendants resides in the county of suit, and (3.) that plaintiff-appellee has a bona fide cause of action against the resident defendant. Stockyards National Bank v. Maples (Tex.Com.App.1936) 127 Tex. 633, 95 S.W.2d 1300, opinion adopted by the Supreme Court.

In the case at bar, we have examined Plaintiff-Appellee's pleadings and have determined that a cause of action is alleged against Defendant Prewitt and the other Defendants, and that Prewitt appears to be a proper party to such suit. Therefore, we believe Plaintiff-Appellee has met its burden insofar as the first requirement above-recited is concerned.

Now we come to the second requirement of Plaintiff-Appellee's burden: Has it (the Bank) proved by affirmative evidence (as required by *Stockyards*) that one of the Defendants resides in the county of suit (McLennan County)? Plaintiff-Appellee Bank contends that it has met this burden because four of the Defendants, namely, Texas Metallic Mines, Inc., John L. Bates, W. P. Jones, and Marion F. Pearce admitted in their pleadings that Plaintiff-Appellee Bank's petition was correct insofar as paragraphs 1, 2, and 3 of said petition was concerned. Paragraphs 1, 2, and 3 of Plaintiff's Original Petition in effect alleged that Defendant Prewitt was a resident of Bell County, Texas, Defendant O. L. Hill was a non-resident of the State of Texas, and that all the other Defendants were residents of McLennan County, Texas.

As above stated, Plaintiff-Appellee Bank did not offer any oral testimony in the venue hearing, but relies on the above judicial admission of Defendants Texas Metallic Mines, Inc., Bates, Jones, and Pearce as to the respective residences of each of the various Defendants. In or-

der to uphold Plaintiff-Appellee's contention, we would have to hold that this judicial admission of these four Defendants is binding upon Defendant-Appellant Prewitt, or can be used against Prewitt. This we cannot do. This judicial admission is binding upon the four Defendants who made it, but is hearsay insofar as Defendant Prewitt is concerned and is of no probative effect as to him. The admissions of a party to the record are always receivable against that party. But the statements of one co-plaintiff or co-defendant are not usable against another merely because they happen to be joined as parties to the action. McCormick and Ray, Texas Law of Evidence, par. 505, p. 653. The admission of a fact by one of several defendants does not relieve the plaintiff from proof thereof against the others. See 45 Tex.Jur.2nd., "Pleading" par. 86, page 528; Davis v. Coastal States Petrochemical Co. (Houston, Tex.Civ.App.1966) 405 S.W.2d 854, no writ history; Justin McCarty, Inc., v. Ash, (Beaumont, Tex.Civ.App.1929) 18 S.W.2d 765, no writ history.

It has been held error for the trial court to allow the admissions of one defendant as against all defendants where there was no showing that the defendant to whom the admissions were directed was an agent of the other defendants or had any authority to represent them. H. Richards Oil Co. v. W. S. Luckie, Inc. et al. (Austin, Tex. Civ.App.1965) 391 S.W.2d 135, error refused nre. *Davis* and *Richards* each involved admissions under the admission practice authorized by our Rules of Civil Procedure, while the case at bar involves a judicial admission. However, we believe the situations in *Davis* and *Richards* are analogous to the case at bar, in that such admissions of one defendant are not usable against another defendant. In Members Mutual Insurance Co. v. Randolph (Houston, Tex.Civ.App.1972) 477 S.W.2d 315, error refused nre, the admission of one defendant (Kline) was held to be inadmissible against another defendant (Insurance Co.) on the ground that such admission is

**954**

hearsay as to the non-admitting defendant, and has no probative force.

 Applying the above enunciated *rules to the case at bar,* we hold that the judicial admission of the four defendants is hearsay as to Defendant-Appellant Prewitt and had *no probative force against* him. This being true, Plaintiff-Appellee failed to meet its burden of proof under subdivision 4, Article 1995, V.A.T.S., as prescribed by *Stockyards.*

We therefore sustain Appellant's points insofar as subdivision 4 is concerned.

We now consider Appellant's points wherein it contends the evidence is legally insufficient to support venue in McLennan County under subdivision 5 of Article 1995, V.A.T.S.

Subdivision 5 provides: "Contract in writing. If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

 Under subdivision 5, to fix venue in McLennan County, Plaintiff-Appellee had the burden of proof to show: (1.) An obligation in writing, (2.) executed by Defendant-Appellant Prewitt, and (3.) performable in McLennan County. Hess v. Young (Waco, Tex.Civ.App.1942) 160 S. W.2d 574, no writ history. The precise question before us is whether Plaintiff-Appellee Bank has discharged its burden of proof to show that the written obligation sued upon was performable in McLennan County. We hold that Plaintiff-Appellee has not met its burden, because neither the guaranty agreement signed by Defendant-Appellant Prewitt nor the note provides that performance be made in McLennan County or a definite place therein, *by such writing.* Under subdivision 5, venue may not be fixed by implication. Saigh v.

Monteith (1948) 147 Tex. 341, 215 S.W.2d 610; Rorschach v. Pitts (1952) 151 Tex. 215, 248 S.W.2d 120; Bowden v. Murphy (Waco, Tex.Civ.App.1969) 448 S.W.2d 183, no writ history. We therefore sustain Appellant's points asserting a legal insufficiency of the Plaintiff-Appellee's evidence under subdivision 5.

It appears to us that the venue facts have not been fully developed. In the interest of justice, we therefore reverse and remand the cause to the trial court for retrial.

Reversed and remanded.