FREESTONE COUNTY TITLE & ABSTRACT COMPANY, Appellant,

v.

Searcy Lee JOHNSON, Appellee.

No. 20189.

Court of Civil Appeals of Texas, Dallas.

Feb. 7, 1980.

William R. Allensworth, Haynes & Boone, Dallas, for appellant.

Mike D. Gibbs, Thomas G. Nash, Elliott, Churchill, Hansen, Dyess & Maxfield, Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and STOREY, JJ.

GUITTARD, Chief Justice.

Freestone County Title & Abstract Company appeals from an order overruling its plea of privilege to be sued in Freestone County. Plaintiff Searcy Lee Johnson asserts that venue is properly laid in Dallas County under subdivision 5(a) of article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon Supp. 1980), because the evidence establishes a cause of action against another defendant, Hexter-Fair Title Company, which is shown to be a resident of Dallas County. Proof of the cause of action against Hexter-Fair and of its residence in Dallas County was made by introducing admissions of fact by Hexter-Fair in response to a request served under Rule 169 of the Texas Rules of Civil Procedure. On this appeal appellant Freestone contends that these admissions were not admissible against it. We agree. Accordingly, we reverse the order overruling the plea of privilege and remand for another venue hearing.

■ Plaintiff recognizes the general rule that ordinarily the admissions of one defendant are not admissible against a codefendant, as stated in such cases as *Beacon Nat'l Ins. Co. v. Harmel,* 514 S.W.2d 480, 482 (Tex.Civ.App.—Waco 1974, writ dism'd), and *Davis v. Coastal States Petrochemical Co.,* 405 S.W.2d 854, 856 (Tex.Civ. App.—Houston 1966, no writ). Plaintiff argues that this general rule does not apply where there is a "joint interest or privity in design" between the defendants. We hold that this record fails to establish a joint interest, and, therefore, that the admissions by Hexter-Fair are not admissible against Freestone as vicarious admissions.

■ These statements of Hexter-Fair cannot be considered as judicial admissions of Freestone under Rule 169 because that rule provides only that any matter admitted under its provisions "is conclusively estab-lished as to the party making the admission." As against Freestone, such admissions are hearsay and are admissible, if at all, only as extra-judicial admissions within that particular exception to the hearsay rule. Since they were not made by Freestone itself, they would be admissible against it only as vicarious admissions because of some relationship between them. In this context, the fact that Hexter-Fair is also a party defendant does not affect the problem, since the admissions of one party are not receivable against another merely by virtue of his position as a party in the litigation. *Hardy v. DeLeon,* 5 Tex. 211, 243 (1849); *Prewitt v. First Nat'l Bank,* 491 S.W.2d 950, 953 (Tex.Civ.App.—Waco 1973, no writ); 4 J. Wigmore, Evidence § 1076 at 156 (Chadbourn rev. 1972); 2 McCormick & R. Ray, Texas Law of Evidence § 1161 (Texas Practice 2d ed. 1956).

The admissibility of vicarious admissions as an exception to the hearsay rule is a matter on which eminent authorities on evidence have disagreed. Dean Wigmore takes the position that so far as one person is in privity of obligation with another in the sense that he is liable to be affected substantively in his obligation by the acts of the other, the admissions of the other may be received as evidence of the act which charges them equally. Examples given of this relationship are the admissions of an agent against his principal, a partner against his co-partner, and a conspirator against his co-conspirator. Wigmore, *supra,* §§ 1077–1080. Wigmore also recognizes the competency of admissions by a person in privity of title, as in the case of joint owners and former owners of the same property. Wigmore, *supra,* §§ 1081–1087. The editor of the most recent edition of the Wigmore text summarizes the principle as follows:

Now, in the present subject, the general idea of receiving vicarious admissions, is that where the third person was, at the time of speaking, *in circumstances that gave him substantially the same interest* to know something about the matter in hand as had the now opponent, and the

*same motive* to make a statement about it, that person's statements have approximately the same testimonial value as if the now opponent had made them. [Emphasis in original.]

Wigmore, *supra,* § 1080a, at 199.

Professor Morgan criticizes the Wigmore approach and also the decisions which Wigmore cites on the ground that the legal relationships relied on to establish admissibility of the hearsay statements of a third person provide no guaranty of the trustworthiness of such statements. Morgan would admit vicarious admissions only if a significant relationship is established and the statement was consciously against the interest of the declarant at the time it was made. Morgan, *The Rationale of Vicarious Admissions,* 42 Harv.L.Rev. 461 (1929).

■ None of these theories would support the competency of Hexter-Fair's admissions as proof against Freestone in the present case because no relationship was proved that would establish that when the admissions were made Hexter-Fair had a joint interest with Freestone. Apart from the admissions by Hexter-Fair, the proof showed only that in 1974 plaintiff signed a contract to sell to Mike Myers certain land in Freestone County, that plaintiff had employed Hexter-Fair to handle the title work and prepare the papers in connection with the sale, and that Hexter-Fair employed Freestone to examine the title to the land. Plaintiff alleged that as a result of the negligence of Hexter-Fair or Freestone or both the deed prepared for his signature by Hexter-Fair included twelve acres of land that had been sold and conveyed by his father with a reservation of minerals and that plaintiff had suffered damages because he had to file a suit to clear his title to the minerals in the twelve-acre tract. By the admissions in question, Hexter-Fair admitted that it had received $5,000 as earnest money under a contract between plaintiff and Myers, that it had hired Freestone to prepare an abstract and examine the title to the property to be conveyed under that contract, that it prepared the original deed and also a correction deed signed by plain-

tiff in connection with the sale, that the descriptions in both deeds were based on the title information furnished by Freestone, that both deeds erroneously included approximately twelve acres of land, and that the title information furnished by Freestone erroneously showed the same twelve acres to be included in the description of the property to be conveyed under plaintiff's contract with Myers. Hexter-Fair also admitted that its registered office was in Dallas County.

Although plaintiff testified that he was personally familiar with the twelve-acre tract and his father's sale of it, and asserted that the deeds he signed included this twelve acres by mistake, his testimony was evidently based on information he received from the Myers because he admitted that he did not discover the error until Myers called it to his attention two years after the sale, that he had not personally examined the records and could not say what part of the descriptions in his deeds was incorrect, and that he could not determine from the documents whether the twelve-acre tract was, in fact, included in his deeds. The contract and the deeds, as well as the conveyance by his father, are in evidence, but we cannot determine by examining the descriptions in these documents whether the twelve-acre tract in question is included. Plaintiff's testimony shows that the deeds were drawn from a new survey, but no survey plat is in evidence that would show how the new description relates to the description in his contract or in his father's conveyance of the twelve acres. Consequently, plaintiff's proof of an error by Hexter-Fair and also of its residence in Dallas County rests on its admissions under Rule 169.

Plaintiff contends that the requirement of a joint interest is satisfied in that both Hexter-Fair and Freestone had an interest in closing the contract of sale between plaintiff and Myers. We find no evidence that Freestone and Hexter-Fair had any such joint interest. So far as appears from the evidence, Freestone's only connection with the transaction was to furnish title

information to Hexter-Fair. There is no proof as to how Freestone was compensated for this information; certainly there is none that Freestone had any contractual relationship with plaintiff, as did Hexter-Fair.

Moreover, even if Freestone and Hexter-Fair could be said to have been engaged in some sort of common enterprise concerning the closing of the sale from plaintiff to Myers back in 1974, there is no suggestion in the record that at the time of Hexter-Fair's admissions, or, indeed, at any time, Hexter-Fair and Freestone had a joint interest in the subject matter of this suit, which is a suit for damages based on allegations of negligence by "one or both of said defendants." It was not a suit for title to land in which the defendants had a joint interest in maintaining their title as against plaintiffs, both at the time of making the admissions and at the time of the suit, as was true in the cases cited by plaintiff, *Tuttle v. Turner, Wilson & Co.,* 28 Tex. 759, 771 (1866), and *Hardy v. DeLeon,* 5 Tex. 211, 243 (1849). The opinions in those cases offer no rationale to support the stated rule supporting the admissions of co-parties "where the parties to the record have a joint interest in the matter in suit, or there is a privity in design between them." We conclude, in view of the later analysis of the problem of vicarious admissions by Dean Wigmore and Professor Morgan, that these early cases cannot properly be interpreted as standing for the proposition that whenever two defendants have a similar interest in defeating the plaintiff's suit, the admission of each may be taken as evidence against the other. In this case we find no other "joint interest," and, consequently no justification for admitting Hexter-Fair's hearsay statements as evidence against Freestone.

Since neither the residence of Hexter-Fair in Dallas County nor the elements of plaintiff's cause of action against Hexter-Fair are established in this record apart from Hexter-Fair's admissions, we hold that the suit against Freestone cannot be maintained in Dallas County under the provisions of subdivision 5(a) of the venue statute.

A further problem arises as to whether we should render judgment sustaining Freestone's plea of privilege or whether we should remand for another venue hearing. We conclude that we must remand in view of the Supreme Court's holding in *Jackson v. Hall,* 147 Tex. 245, 214 S.W.2d 458 (1948), that a further venue hearing is required if the case has not been fully developed at the venue hearing and the plea of privilege has been tried on the wrong theory.

Freestone argues that *Jackson* does not apply here with respect to plaintiff's failure to prove a cause of action against Hexter-Fair because that issue was fully tried. We do not agree. Hexter-Fair's admissions, which we hold to be hearsay with respect to Freestone, serve at least to indicate that testimony was available from a representative of Hexter-Fair who, if called to testify at the venue hearing, presumably would have been in a position to testify concerning the facts that Hexter-Fair had admitted. It is reasonable to suppose that if the trial court had sustained Freestone's objection to these admissions, plaintiff would have supplied this evidence in admissible form and that plaintiff failed to make the necessary proof because the plea was tried on the erroneous theory that the admissions were competent evidence against Freestone. Thus this case differs from *Barnhart v. Rainey,* 503 S.W.2d 342, 343–44 (Tex.Civ. App.—Tyler 1973, no writ), in which the court of civil appeals refused to remand for another venue hearing to permit the plaintiff to supply proof which was not shown to be available. We recognize that another venue hearing may delay trial on the merits, and we are reluctant to order it in these days of crowded dockets, but *Jackson v. Hall,* as we read it, leaves us no alternative.

We do not pass on the question of whether the facts admitted by Hexter-Fair, if properly proved, would have established a cause of action against it. We hold only that the evidence offered to prove such a cause of action is not competent proof against Freestone. Substantive questions

concerning Hexter-Fair's liability may arise on another venue hearing, but can be finally decided only on trial of the merits, when Hexter-Fair will have the opportunity to appear and contest for itself the issues affecting its liability.

Reversed and remanded.