Margeleene ALMOND, Appellant,

v.

Patsy Nell VAUGHAN, Appellee.

No. 6243.

Court of Civil Appeals of Texas,
at Waco.

Feb. 19, 1981.

Rehearing Denied March 26, 1981.

Forrest W. Wagner, Pettigrew, Wagner & Pettigrew, Grand Prairie, for appellant.

Ross Hardin, Dallas, for appellee.

HALL, Justice.

This is a venue case involving subdivisions 4, 7 and 14 of our venue statute.

Appellee Patsy Nell Vaughan filed this suit on April 23, 1980, in Ellis County, against Talmadge E. Almond (appellee's former husband), appellant Margeleene Almond (Talmadge's mother), and Wayne Dacus and wife, Jo Lynn Dacus. Appellee alleged that as the result of two judgments rendered in her favor against defendant Talmadge E. Almond in the District Court of Dallas County for delinquent child support payments (the first on April 6, 1979, for $200.00, and the second on January 14, 1980, for $1,560.00) Talmadge was indebted to her in the sum of $1,760.00; that on April 2, 1979, Talmadge purchased by warranty deed free and clear of any indebtedness a specifically described house and lot in Ellis County for the cash payment of $37,-900.00; that on December 27, 1979, Tal-madge conveyed the property to appellant-defendant Margeleene Almond free and clear of any indebtedness and without consideration; that the conveyance to appellant by Talmadge was "not an actual sale or an actual true and honest transfer of title," but was made to appellant as agent and trustee for Talmadge for the sole purpose of defeating appellee's rights as a judgment creditor of Talmadge with full knowledge of those facts by appellant, and that it was the result of a conspiracy between Talmadge and appellant to effect that end; that the property is presently under lease from appellant to defendants Wayne Dacus and wife for $400.00 per month, and appellant has received $1,600.00 under the lease; and that appellee has no means for collecting her judgments unless the alleged conveyance from Talmadge to appellant is set aside and a trust is impressed in appellee's favor against the rent monies paid and to be paid by the Dacuses until the judgments are satisfied. Appellee prayed for cancellation of the conveyance from Talmadge to appellant, that a trust be impressed in her favor against the rent received on the property, that appellant be ordered to pay the rent she has received into the court registry, and that a receiver be appointed to collect and disburse the rent payments.

Appellant filed a plea of privilege to be sued in Dallas County, the county of her residence. Appellee controverted appellant's plea and asserted that venue was proper in Ellis County under the provisions of subdivisions 4, 7 and 14 of article 1995, Vernon's Tex.Civ.St. After a hearing without a jury in May, 1980, the court overruled appellant's plea of privilege. This appeal resulted.

Subdivision 4 of the venue statute provides, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." To obtain the benefits of this venue exception the plaintiff must (1) plead and prove that one defendant resides in the county of suit; and (2) allege in his petition a joint cause of action against the resident and nonresident defendant, or a cause of

action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined to avoid a multiplicity of suits; and (3) prove the cause of action pleaded against the resident defendant. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936); *Asch Advertising v. Sony Corp. of America*, 569 S.W.2d 619, 620 (Tex.Civ.App.—Waco 1978, no writ).

Subdivision 7 provides, "In all cases of fraud ... suit may be brought in the county where the fraud was committed or ... where the defendant has his domicile."

Subdivision 14 provides, "Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

The evidence established that appellee holds judgments against Talmadge based upon unpaid child support; that on April 2, 1979, the real property in question, which is in Ellis County, was conveyed to Talmadge by warranty deed for the consideration of $37,900.00 which was paid in full at the time of the conveyance; that on December 27, 1979, Talmadge and his wife, Carla Sue Almond, conveyed the property to appellant for the consideration of $10.00 "and other valuable consideration"; and that the latter conveyance to appellant was made in Dallas County.

■ Appellant asserts that the trial court improperly held venue in Ellis County under the provisions of subdivision 7 because appellee did not plead nor prove a cause of action for fraud. In support of these contentions appellant argues that appellee was required to plead and prove "a false representation made or uttered by the party charged, the reliance thereon, action in reliance thereon, and damage to the party defrauded resulting from such fraud or misrepresentation," and that appellee did not do so. We overrule these contentions.

§§ 24.02 and 24.03 of our Business and Commerce Code (V.T.C.A., Bus. & C.) provide as follows:

§ 24.02. Transfer to Defraud Is Void.

(a) A transfer of real or personal property, a suit, a decree, judgment, or execution, or a bond or other writing is void with respect to a creditor, purchaser, or other interested person if the transfer, suit, decree, judgment, execution, or bond or other writing was intended to

(1) delay or hinder any creditor, purchaser, or other interested person from obtaining that to which he is, or may become, entitled; or

(2) defraud any creditor, purchaser, or other interested person of that to which he is, or may become, entitled.

(b) The title of a purchaser for value is not void under Subsection (a) of this section unless he purchased with notice of

(1) the intent of his transferor to delay, hinder, or defraud; or

(2) the fraud that voided the title of his transferor.

§ 24.03. Debtor's Transfer Not for Value Is Void.

(a) A transfer by a debtor is void with respect to an existing creditor of the debtor if the transfer is not made for fair consideration, unless, in addition to the property transferred, the debtor has at the time of transfer enough property in this state subject to execution to pay all of his existing debts.

(b) Subsection (a) of this section does not void a transfer with respect to a subsequent creditor of or purchaser from the debtor.

Appellee incorporated her petition by reference into her controverting plea. Appellant did not except to either pleading. Appellee's petition may be reasonably construed as pleading that the conveyance in question was made for less than a fair consideration with the intent by Talmadge in conspiracy with appellant to delay, hinder or defraud appellee's rights as a judgment creditor; that Talmadge does not have other property in this state sufficient to satisfy the judgments; and that appel-

lant had knowledge of the pertinent facts when the transfer was made. We hold that these pleadings sufficiently stated a cause of action for fraudulent conveyance against Talmadge and appellant under the statutes set forth above. A misrepresentation to appellee and her reliance thereon are not elements of that action. Appellant does not assert under her points of error that any essential element set forth in the statutes was not proved, and we therefore do not decide those questions.

Appellant contends that the judgment was erroneous under the provisions of subdivisions 4 and 7 of the venue statute because the undisputed evidence shows that the conveyance in question was made in Dallas County, and there is no evidence that Talmadge or any defendant resided in Ellis County on the date this suit was filed. We sustain these contentions.

The only proof on the question shows that the conveyance from Talmadge to appellant was executed in Dallas County. It is also undisputed that appellant resides in Dallas County. The residence of defendants Mr. and Mrs. Dacus is not shown in the proof. Moreover, appellee did not plead nor prove a cause of action against them. There is no evidence of appellee's residence. And, there is no evidence that Talmadge resided in Ellis County at the time of trial or at the time this suit was filed. The only evidence as to Talmadge's residence at any particular time was appellee's testimony that at the hearing before the District Court in Dallas County on January 14, 1980, Talmadge told the court that his residence at that time was in Ellis County.

■ Generally, it is the place of residence of the defendant at the time the case is filed that controls the venue question. *Chesbrough v. State,* 465 S.W.2d 224, 225 (Tex.Civ.App.—San Antonio 1971, no writ). Upon Talmadge's admission that he was a resident of Ellis County on January 14, 1980, there would arise a presumption of the continued existence of such residence for a reasonable time in the absence of evidence to the contrary. *Mayhew v. McFarland,* 137 Tex. 391, 153 S.W.2d 428,

431 (1941); *Miller v. Miller,* 575 S.W.2d 594, 596 (Tex.Civ.App.—El Paso 1979, no writ). Talmadge's admission is binding upon him, but it is hearsay as to appellant and of no probative effect insofar as she is concerned. The statements of one co-defendant are not usable against another merely because they happen to be joined as defendants in the suit. *Prewitt v. First National Bank of Waco,* 491 S.W.2d 950, 953 (Tex.Civ.App.—Waco 1973, no writ).

■ We also agree with appellant's contention that venue was not properly held in Ellis County under the provisions of subdivision 14, although we do not agree with appellant's assertion that the "main gist" of appellee's petition was a suit to collect child support. Whether the nature or character of a suit falls within subdivision 14 is determined by the dominant purpose of the suit as shown by plaintiff's pleadings. *Renwar Oil Corporation v. Lancaster,* 154 Tex. 311, 276 S.W.2d 774, 775 (1955); *Pinkston v. Johnson,* 578 S.W.2d 184, 185 (Tex.Civ.App.—Waco 1979, no writ). In our case, the primary purpose of appellee's suit, as reflected by her petition, was to set aside the conveyance from Talmadge to appellant as having been made in fraud of appellee's rights as a judgment creditor, to enable appellee to then satisfy her judgments. A suit to set aside a conveyance as having been made in fraud of creditors is not a suit for the recovery of land, or for damages to land, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on the land; and subdivision 14 has no application. *Bennett v. Langdeau,* (Tex.1962) 362 S.W.2d 952, 955; *McGriff v. Hazle,* 201 S.W.2d 92, 96 (Tex.Civ.App.—Eastland 1947, no writ); *Miller v. Matthews,* 176 S.W.2d 1011, 1015 (Tex.Civ.App.—Eastland 1943, no writ).

The judgment is reversed. It is apparent from the record that this case was not fully developed. Therefore, under the authority of *Jackson v. Hall,* 147 Tex. 245, 214 S.W.2d 458, 459 (1948), we remand the cause for a new trial.